## St. Louis, Iron Mountain & Southern Railway v. Bennett.

Decided May 3, 1890.

1. *Railway—Board of employes—Roadmaster's authority.*

It is not incident to the operation of a railway company to board its employes; nor is it within the apparent scope of a roadmaster's authority to bind the company to pay for the board of employes.

2. *Agent's authority—Assent of principal.*

The authority of an agent to bind his principal in matters outside the apparent scope of his authority is not established by proof that the agent has frequently so acted, unless it be proved, or the circumstances justify the inference, that the person to be charged as principal assented to such acts.

APPEAL from *Craighead* Circuit Court.

J. E. RIDDICK, Judge.

*Dodge & Johnson* for appellant.

COCKRILL, C. J.   The appellee furnished board to employes of the railway, and, failing to receive his pay, sued the railway therefor, claiming that the roadmaster of the company had employed him to board the men for the company. There was a jury trial, and a verdict and judgment for the plaintiff.   The railway insists that the proof fails to show that the roadmaster was authorized to charge it by contract for the purpose.   We quote all the proof upon that point:   It was that the company's roadmaster had "made contracts to board section men all along the road;" and that it was "the custom of railroads in that section of country for roadmasters to hire boarding bosses."

Now it is not incident to the operation of a railroad that it should pay the board of its employes.   It is not within the apparent scope of the authority of a roadmaster to bind the company to do so; and his contract to pay for board does not bind the company unless he was expressly authorized, or the facts justify the inference that he had the implied authority.   There is no reason to contend that there was express authority, and the question is, can the proof be said to justify the jury in the conclusion that he had implied authority?

1. Authority of roadmaster to bind railway for board of employes.

Whether the contract which the roadmasters were in the habit of making was of a character to bind the company to pay the board of its employes, or to see that the employes settled their accounts, or what the nature of the contract was, is not disclosed.   But conceding that the usage of the roadmasters on other roads would, in any event, be competent proof to throw liability upon the defendant for the unauthorized action of its roadmaster, it could only be when it was

shown that there was a well defined and publicly known usage for roadmasters to bind the company to pay the board of its employes unconditionally. The nature of the contracts which the defendant's own roadmaster had frequently made is not clearly defined; but whatever it was, the proof fails to show that knowledge of the fact that he had made contracts was ever brought home to the company, or that it ever ratified or assented to the roadmaster's action in any form. The employes may have paid their own board without the roadmaster's contracts being made known to the company; or the company may have repudiated all the other contracts made by him, just as it does this one.

2. Presumption of authority from agent's acts—Assent of principal.    When one has frequently authorized his agent to do acts outside the line of his ordinary employment and beyond the scope of his apparent authority, or has commonly ratified such acts when done, other persons, with knowledge of the facts, who deal with him in reference to similar matters, are justified in presuming that he is empowered by his principal to bind him in reference thereto. But the authority is not established by proof that the agent has frequently so acted, unless it is also proved, or the circumstances justify the inference, that the person to be charged as principal assented to such acts. The authority of an agent is never proved by the bare fact that the person claiming the power has exercised it. That alone proves nothing against the supposed principal. Yet that is all that was proved in this case.

The verdict is not sustained by the evidence, and the judgment must be reversed, and the cause remanded for a new trial.