ARKANSAS SOUTHWESTERN RAILWAY COMPANY *v.* DICKINSON.

Opinion delivered April 23, 1906.

1. RAILROAD—POWER TO OFFER REWARD.—A railroad company has implied power to offer a general reward for the arrest and conviction of any person found maliciously placing obstructions upon its track for the purpose of causing derailments or wrecks. (Page 486.)

2. SAME—POWERS OF GENERAL MANAGER.—Authority to offer rewards for persons obstructing its track is within the scope of the powers of the general manager of a railroad company. (Page 486.)

3. SAME—AUTHORITY OF GENERAL MANAGER—NOTICE.—Evidence that one who offered a reward for the conviction of any one obstructing a railroad track acted for three years in the capacity of general manager of the railroad company, and that printed notices offering the reward were posted at every station of the road where it must have been seen by the president of the road, and that the notices were furnished to such general manager by the vice-president of the road, and that his act in offering the reward was never repudiated, was sufficient to sustain a finding that the officers of the road were cognizant of the general manager's act in offering the reward. (Page 486.)

4. REWARD—OBSTRUCTION OF RAILROAD—CONSTRUCTION.—A reward offered by a railroad company for "the arrest and conviction of any person or persons found maliciously, without regard to the lives of employees or passengers, placing obstructions upon its track, changing switches, etc., for the purpose of causing derailments and wrecks" should be construed as an offer of a reward for a conviction of any person or persons charged with placing obstructions upon a railroad track under Kirby's Digest, § 1999. (Page 487.) .

5. SAME—CONVICTION AS EVIDENCE.—Where a railroad company offers a reward for the conviction of any one charged with a violation of Kirby's Digest, § 1999, a conviction of a violation of the statute will be admissible as evidence of the fact that the offense has been committed, and that the person convicted was the real offender. (Page 489.)

6. APPEAL—PRESUMPTION.—Where the record shows that a paper was introduced in evidence, it will be considered that its contents were made known to the jury. (Page 490.)

Appeal from Polk Circuit Court; *James S. Steel,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellee sued appellant on the following:

"REWARD.

"One thousand dollars reward will be paid upon the arrest and conviction of any person or persons found maliciously, with-

out regard to the lives of employees or passengers, placing obstructions upon the track, changing switches, etc., for the purpose of causing derailments or wrecks.

"ARKANSAS SOUTHWESTERN RY. CO.

"J. J. Kress, Manager."

Appellee alleged:

"That said reward was offered by posting same along the tracks and at the depot houses of the defendant company, in Pike County, Arkansas; that on the 6th day of October, 1902, the plaintiff procured the arrest of one Zach Furlow charged with the offense of maliciously placing obstructions upon the track of the defendant company in Pike County, Arkansas, the said Zach Furlow subsequently being indicted by the grand jury of Pike County, Arkansas, for said offense, and he was on the 20th day of August, 1903, duly convicted of said offense by the consideration and judgment of the circuit court of Pike County, which said judgment was on the 30th day of April, 1904, duly affirmed by the Supreme Court of the State of Arkansas. Copies of said record of conviction are filed herewith, and made a part of this complaint."

Appellee further alleged that he had, at great expense of time and money, procured the arrest and conviction of the said Zach Furlow, and is entitled to recover said reward, amounting to the sum of one thousand dollars, which the defendant wholly neglects and refuses to pay after proper demand made therefor."

Appellant answered, denying specifically all the allegations of the complaint, and denying that it ever authorized J. J. Kress or any other person to offer said reward, and set up that the person alleged to have been arrested and convicted at the instance of Joe Dickinson, Jr., was not guilty of said offense or any other offense; that the said Zach Furlow, the person arrested, was found maliciously, without regard to the lives of employees and passengers, placing obstructions upon the track, changing switches, or anything else, for the purpose of causing derailments or wrecks, and denies that said Zach Furlow was ever at any time found placing obstructions upon tracks and changing switches for any purpose whatever.

Plaintiff recovered judgment for the amount of the reward, and defendant appealed.

*B. S. Johnson,* for appellant.

1. The burden of proof is upon the plaintiff; and in order to. recover he must prove, (1) that the offense or wrongful act for the punishment of which offer of reward was made was committed. (2) That the offer of reward was by authority of the corporation, through some duly authorized agent. (3) That, induced by the offer of reward, plaintiff caused the arrest of the offending party. (4) That the party arrested and convicted was the party who had committed the offense. (5) That the party who had been indicted, tried and convicted was the party who had committed the offense. 9 Ore. 350; 41 Cal. 665; 34 Cal. 61.

2. The indictment, record of conviction and the offer of reward not having been read to the jury before the testimony of the witness was closed, it was error to permit them to be read, over the defendant's objection, by plaintiff's counsel in argument to the jury. Kirby's Digest, § 3145.

*McRae & Tompkins,* for appellee.

1. The company had the power to make the conditional contract for the protection of its property. 24 Am. & Eng. Enc. Law (2 Ed.), 943, Tit. Corporations; *Ib.* 944, Tit. Offers by Corporations. The law enters into the contract, and becomes a part of it. If the company offered a reward for the conviction, it must have been for the offense named in the statute. Having the right so to do, the company imposed terms that a conviction must be had. The conviction makes a *prima facie* case, and shifts the burden to appellant to show fraud or mistake in the conviction. 1 Hilton (N. Y.), 151; 156 Mass. 28.

2. The company offered the reward. The proof shows that it was sent to the manager from the office of the vice-president with instructions to post. The cards were signed with the company's name by the manager. It is further shown that the president frequently passed over the road, must have. seen the reward cards, and never disavowed the offer. Had the manager been without authority to issue the reward, the company. has ratified his act, and is bound by it. 85 Ala. 292; 53 Ark. 208. The offer of reward became a contract with appellee when he acted under it and performed the service. 21 Am. & Eng. Enc. Law (1 Ed.), 391 and cases; 24 Am. & Eng. Enc. Law (2 Ed.), 955. Notice

of performance is not essential. The contract is complete immediately upon performance. *Ib.* 957.

3. The record does not show that the indictment, record of conviction and offer of reward were not read to the jury at the time they were offered.

Wood, J., (after stating the facts.)  1. Appellant contends that it did not offer the reward. The proof showed that one who had acted for more than three years under the title and in the capacity of general manager of the road, with the knowledge of the president, had posted the reward. He had received the card offering the reward by express from the office of the vice-president in St. Louis, with instructions to post same. This was done at every station, and the president of the road passed over it as often as every ten days.

In *Central Railroad & Banking Company* v. *Cheatham,* 85 Ala. *292,* it was held that a railroad corporation has the implied power to offer a general reward "for the detection, apprehension and bringing to justice of persons obstructing the road," and that authority to offer such rewards is incident to the business and duties of the superintendent, and to the purposes of his department, and consequently within the scope of this agency. This is sound doctrine. But appellant contends that the agency of Kress has not been established by competent proof. The court ruled that the agency of Kress could not be established by what he said, but· that his acts in the capacity of superintendent and general manager might be considered. This was correct, since there was proof to justify the conclusion that these acts were assented to by the company. *St. Louis, I. M & S. Ry. Co.* v. *Bennett,* 53 Ark 208. We are of the opinion that the proof was sufficient to show that Kress was the superintendent and general manager of the road he was seeking by the offer of the reward to protect. But, if not, still appellant is shown to have had knowledge of his acts as superintendent and general manager, for he had acted in that capacity and under that title for more than three years, and appellant had not repudiated any of his acts as such. And appellant is shown to have had knowledge, not only of his acts in general, but of this specific act, for the knowledge of its president would be sufficient to show that the company had knowledge. The company can only act through its representatives. The pres-

ident of the company, as we have said, went over the road every ten days, and these rewards were posted at every station. This and other evidence, such as the fact that the reward came from the office of the vice-president, was entirely sufficient to show that the company had knowledge of the act of Kress in offering the reward. In *Central Rd. & Banking Co.* v. *Cheatham, supra,* the court said: "On questions of ratification, facts that circulars were posted at various places on the line of the railroad, by direction of an employee who was under the control of the superintendent, and remained posted for several months and until after the rendition of the service, were proper to go to the jury as tending to show that the officers of the company were cognizant of the superintendent's act in offering the reward."

2. Appellant contends that, before it could be held liable, it was essential that the appellee prove that Zach Furlow placed obstructions upon appellant's track within the terms of the published reward. Appellants contend that there is no such proof, and that the papers and record of the proceedings showing that Zach Furlow had been arrested and convicted of the criminal offense in which he was so charged was not sufficient to show that appellant's track had been obstructed in the manner set forth in the offer of reward, and appellant objected to such papers and record going to the jury as evidence of that fact. There is in the record an affidavit made by appellee before a justice of the peace charging Zach Furlow, with others, of the offense of "maliciously placing obstructions on the Arkansas Southwestern Railroad." Appellee testified that he procured the arrest of Zach Furlow on this charge, and assisted in his prosecution for same because of the offer of the reward. The indictment on which Zach Furlow was convicted in the circuit court charged that he "did unlawfully, feloniously, etc., place an obstruction upon the track of the Arkansas Southwestern Railway Company." The trial court permitted the indictment and the record of conviction of Zach Furlow in the circuit court to go before the jury for the purpose of showing his conviction, and also the mandate of the Supreme Court, showing that the judgment of the circuit court was affirmed, for the same purpose.

On the cross-examination of appellee by appellant, this appears in the record: "Q. This is the affidavit (exhibiting paper)

that you made, is it? A. Yes, sir. Q. Now, you say the reward was put up the next day after the offense was committed? A. Well, I saw it the next day after it was committed."

One of the witnesses for appellee testified as follows: "Q. Mr. Westbrook, do you remember the circumstances of the track having been obstructed between Delight and Antoine? A. Yes, sir. I remember hearing of it. Q. With reference to that, when was the reward stuck up, as you remember? A. To the best of my knowledge, it was two or three days, something like that, after the obstruction was placed on the track; wouldn't be positive about that; just after something of that kind had happened, whether it was that particular obstruction I could not say. Q. You remember the circumstance of Zach Furlow being arrested charged with this offense? A. Yes, sir. Q. And he was arrested for an obstruction between Delight and Antoine?" The defendant objected to that part of the question referring to the place where the obstruction occurred, and the objection was by the court sustained.

Another witness testified that he "remembered the circumstance of Zach Furlow's being arrested over there for placing obstructions on the track."

A reasonable interpretation of this contract is that the railroad company offered a reward of one thousand dollars for the arrest and conviction of any person or persons charged with the offense of placing obstructions upon a railroad track under section 1999, Kirby's Digest. The arrest and conviction of any person for the offense was evidently aimed at by the appellant, and the appellee accepted and duly performed the contract on his part when he secured the arrest and conviction of a person for that offense. It is obvious from the language of the reward that the company contemplated in its offer that the conviction for the offense should be taken as an evidence of the fact that the offense had been committed, and that the person convicted was the real offender. If this be the correct construction of the contract, the doctrine of *res inter alios* does not apply. In *Brown* v. *Bradlee,* 156 Mass. 28, the offer of reward was as follows: "$2,500 reward will be paid for any person furnishing evidence that will lead to the arrest and conviction of the person who shot Mr. Edward Cunningham." The plaintiff in that case had furnished

evidence that led to the arrest and conviction of a person for the shooting of Cunningham. In the civil suit for the reward it was proved by the record that one De Lucca had been convicted for shooting Edward Cunningham, and De Lucca's evidence at his trial, admitting that he shot Cunningham, was also put in, but the defendants contended in that case, as appellant contends here, that such evidence was *res inter alios,* and not competent to prove the action against them for the reward that De Lucca was the guilty man. The court said: "This position rests on too strict a construction of the words 'the person who shot Mr. Ed-. ward Cunningham' in the contract. We will assume that they mean a little more than 'a person for shooting,' and that it would be open to the defendants to prove mistake or fraud in the conviction. But we have no doubt that the contract so far adopts the proceedings of the criminal trial as a test of liability that the conviction is *prima facie* evidence of guilt." In *Borough of York* v. *Forscht,* 23 Penn. St. 391, a reward was offered "for the detection and conviction of the person who set fire to" a certain barn, and the suit was to recover on this offer of reward by one who had given the information upon which a certain party was arrested, and afterwards tried and convicted. The court held, quoting syllabus, "where a reward is offered for the detection and conviction of an offender, and a person is detected and convicted, the record of conviction is evidence in an action for the reward that the person convicted is the true offender." The doctrine of these cases comports with our construction of the contract under consideration. See *Brennan* v. *Haff,* 1 Hilt. (N. Y.), 151, and *Mead* v. *Boston,* 3 Cush. (Mass.) 404. See also, *contra, Burke* v. *Wells, Fargo & Company,* 34 Cal. 61.

But, aside from this, it is doubtful from the state of the record whether appellant could avail itself of a failure on the part of appellee to make proof that the offense was actually committed and that Zach Furlow was the real offender, when on the trial below it objected to evidence that was tending in that direction.

3. The objection made here for the first time that the court erred in permitting the indictment and the record of conviction in the circuit court and the mandate of the Supreme Court in the case of *Furlow* v. *State,* (72 Ark. 384), to be introduced in

evidence without being read to the jury, can not avail appellant. The record shows that "it was agreed by the parties that they (these papers) be considered as read to the jury." Such being the case, appellant is in no position to complain that such papers were not read, and it will not be heard to make such complaint. An amended record, brought here by agreement, shows that "upon the trial of this case in the lower court, the mandate, judgment and indictment were introduced." That effectually answers the contention in the brief that the court erred in not having these papers read to the jury under section 3145, Kirby's Digest. Where a paper "is introduced in evidence," it must be considered here that its contents were made known to the jury.

4. Measured by the doctrine already announced, we find the instructions of the court correct.

Affirm.