## WALES-RIGGS PLANTATIONS *v.* DYE.

### Opinion delivered December 2, 1912.

AGENCY—PROOF OF AUTHORITY.—The authority of an agent is never proved by the mere fact that the person claiming the power has exercised it; it must also be proved that the person to be charged as principal assented to such act.

Appeal from Cross Circuit Court; *S. S. Simpson*, Special Judge; reversed.

*Charles E. Robinson*, for appellant.

Testimony as to one's acts is not admissible to establish his agency, unless such acts are shown to have been authorized or accepted by the person sought to be charged as principal. 26 S. W. 383; 72 Ark. 64; 40 S. W. 506; 19 Am. St. Rep. 795; 10 Enc. of Ev. 22.

Since Mrs. Cross did not assume to be acting for appellant in buying the goods, appellee could not recover, even if

he could show that appellant had confirmed the sale, unless he could show a consideration to support such confirmation. 55 Ark. 427; 66 Ark. 15.

*S. M. Wassell,* for appellee.

Agency, having been shown, is presumed to continue. Abbott, Trial Brief, § 24, p. 139 *et seq.*; 100 Ark. 240.

HART, J. Appellant commenced this suit in justice's court against appellee to recover upon two promissory notes. The appellee admitted liability on the notes, but filed a set-off, in which he claimed that appellant was due him an amount over and above that due by him upon the notes for goods and merchandise sold by him to Mrs. C. K. Cross for appellant. Appellee recovered judgment against appellant in the justice's court on his set-off, and the case was appealed to the circuit court. There appellee again recovered judgment, and the case is here on appeal. The facts are as follows:

C. W. Riggs testified: "I am president of the appellant corporation, and have been since its organization. The amount due appellant by appellee on the first note sued on was $5.25 on August 5, 1909, and on the second note, $50, was due on July 1, 1910. Both of these sums are due and unpaid. On November 18, 1909, appellant entered into a written agreement with Mrs. C. K. Cross, by which she became its agent in Cross County for certain specified purposes, which were set out in the contract. She had no power to make a contract for us, but could only talk over contemplated contracts and present them to us for our approval. She never had any authority to make any contract for us, and I never gave her any authority whatever to use our credit, and never agreed with her or any one else to pay her debts, except in one instance, when she was taken sick on the Love place, which she had rented from us. On that occasion we received a letter that she was sick and needed assistance. We wired back that we would pay any one for taking care of her during her sickness. We never knew that she bought goods from the appellee and had same charged to our account, and never gave her any authority to buy goods from appellee and charge them to us. Mrs. Cross never had any authority to collect money for our company except one time she was given authority

to collect ten dollars on a horse sold. At another time she collected twenty-five dollars and gave the company's receipt therefor. This was done without authority, but owing to the distress she was in at the time we ratified her action."

I. R. Dye, appellee, testified: "The plaintiff company owes me $149.17 for supplies furnished to Mrs. C. K. Cross bought from February to June, 1909, from me at my store in Parkin. I charged the goods to C. W. Riggs by Mrs. C. K. Cross. The plaintiff company never told me to furnish her goods, nor promised to pay for any she got, but Mrs. Cross came there and took an oversight over the affairs of the company, making contracts, buying feed, selling stock and selling land, and I just supposed she had the right to charge things to them.

"When Captain Riggs was in my town, Parkin, 1907 or 1908, this Mrs. Cross was with him and appeared to be treated as one of the family. He ran an account at my store which he finally paid by receipting one of this same series of notes, one of which is sued on. While he was there at that time, Mrs. Cross came to the store to get goods several times, sometimes with an order, sometimes without. The goods were furnished her just as they would be to the member of any other man's household, and they were charged to him. This is the reason when she came there again and wished to buy goods I sold them to her and charged them to C. W. Riggs by her. At the time Captain Riggs was in Parkin, when he ran a bill at my store, he was in the show business, and was in Parkin in winter quarters with his show. This account that I have filed as a counterclaim has never been paid and is past due. It amounts to $149.17. I never did send the company or Captain Riggs a statement of the account to let them know that the goods were being charged to him. After she had run quite a bill, she came and insisted on my taking her personal note for the goods bought, and I reluctantly took it. Later she gave me another note when she had bought more goods. I have these notes now at home. They have never been paid. I said to her that I was owing the company, and that we could settle it that way. I did not take the notes as a settlement releasing the Wales-Riggs Plantations Com-

pany from the debt due me. One of the series of notes to which the notes sued on belong fell due after I had furnished these goods to Mrs. Cross and charged them to Captain Riggs, and when the bank notified me the note was due I paid it. I did not then mention to the company the fact that I had anything against it, but paid the note in money."

J. H. Hammett testified: "I was levee tax collector in 1908, and Mrs. Cross paid the levee taxes that year for Wales-Riggs Plantations. The next I knew of her was in the fall of 1909, after I had moved from Wynne to Earle. She had desk room in my office. I had a letter from Captain Riggs, saying she was general agent of the plaintiff, and she acted like it in every way, making contracts, drawing them and signing them, renting land, selling stock, and so on."

On rebuttal Mrs. C. K. Cross testified: "In the spring of 1909 I was agent for appellant company to show its lands and stock and submit to the company any propositions or offer of rentals that might come up. I had no authority whatever to close up contracts. The goods I bought from Mr. Dye were to be charged to me, and were not for the appellant company. I was not the agent of the company at that time. I was farming land which I had rented from appellant. I executed my notes to appellee for the goods I bought from him."

It is not claimed that there was any express authority on the part of Mrs. Cross to bind appellant, and we think that the testimony falls short of showing that she had any apparent or ostensible authority to do so. The contract of agency between appellant and Mrs. Cross made in the fall of 1909 has no probative force in this case. In proving authority of an agent for the purpose of binding the principal by the former's transaction, there must be evidence of the agency at that time. The goods were purchased by Mrs. Cross from appellee in the spring of 1909 between February and June. The contract of agency between appellant and Mrs. Cross was not made until November, 1909. In the spring of 1909 Mrs. Cross was the tenant of appellant. The fact that Mrs. Cross collected money for appellant at one time by its permission, and that it ratified her act in collecting money at another time without its permission, coupled with the fact

that she also paid the levee taxes for it for one year, are not sufficient to show that she was the general agent of appellant, and as such had a right to buy goods and have the same charged to it.

The authority of an agent is never proved by the mere fact that the person claiming the power has exercised it. It must also be proved that the person to be charged as principal assented to such act. *St. Louis, I. M. & S. Ry. Co.* v. *Bennett*, 53 Ark. 208.

Riggs, the president of the appellant company, and Mrs. Cross both testified that she had no authority to buy goods and charge them to the account of appellant, and Mrs. Cross testified that she did not do so.

Appellee testified that in 1907 Mrs. Cross lived with C. W. Riggs, the president of the appellant company, as a member of his family, and, like any other member of the family, came to his store for goods for him, and had same charged to his account, and that Riggs paid for them.

It is contended by counsel for appellee that the agency of Mrs. Cross as established during the winter of 1907 was presumed to continue. But it will be noted that there was no testimony that Mrs. Cross was the agent for appellant in the spring of 1909. Any presumption of that fact was overcome by the positive and direct testimony of both Riggs and Mrs. Cross to the effect that she had no authority in the spring of 1909 to bind the appellant for goods sold her by appellee. At that time she was only the tenant of appellant, and was working its land just as other tenants were doing.

It follows that the judgment must be reversed, and, inasmuch as the case has been fully developed, judgment will be entered here for appellant in the amount of the balance due on the two notes sued on.

SMITH, J., absent and not participating.