## WALES-RIGGS PLANTATIONS *v.* GROOMS.

### Opinion delivered January 28, 1918.

1. PRINCIPAL AND AGENT—AUTHORITY OF AGENT—PROOF.—The authority of an agent to bind his principal will not be presumed and can not be proved by the mere acts and declarations of the agent in assuming authority. The authority of an agent must be shown by positive proof or by circumstances that would justify the inference that the principal had assented to the acts of his agent.

2. PRINCIPAL AND AGENT—SCOPE OF AUTHORITY.—Under the testimony, *held*, that an employee upon appellant's plantation was without authority to pursue a mule which had strayed from the plantation, and incur expense in retaking the mule, by proceedings in replevin.

Appeal from Greene Circuit Court; *R. H. Dudley*, Judge; reversed.

*S. R. Simpson*, for appellant.

Kepley was not the agent of appellant, had no authority to go after the mule, nor borrow money to pay expenses. Appellant is not liable. 105 Ark. 111; *Ib.* 446; 53 *Id.* 208; 92 *Id.* 315; 111 *Id.* 345; 113 *Id.* 190; L. R. A. 1915 A, 686; 126 Ark. 405.

*W. S. Luna* and *Jeff Bratton*, for appellee.

The instructions are correct. The evidence is legally sufficient. Kepley was acting within the scope of his agency. 82 Ark. 503; Mechem on Agency (1 ed.), § 167, p. 109; 124 Ark. 360; 117 *Id.* 176; 111 *Id.* 229.

#### STATEMENT OF FACTS.

This appeal is from a judgment in favor of the appellee for $29.35, which sum was advanced by the appellee to one E. W. Kepley. The facts are substantially as follows:

E. W. Kepley was an employee of the Wales-Riggs Plantations. He was employed by C. W. Riggs, the president and manager of the appellant. When the appellee first met Kepley he was in Greene County looking for a stolen mule, and he asked the appellee to sign a check for him to pay the expenses of getting the mule back to Earle, near which place the corporation owned a plantation. The mule belonged to the corporation. Kepley was a stranger to the appellee, but he endorsed the check for him and enabled him to secure the $25. Kepley was a farm hand, sent to Cross County to work on the Riley place, belonging to appellant. The testimony shows that he was sent with a car load of mules, tools and seed to farm a part of the Riley place, and was commended in a letter by the appellant as a young man of good morals and a good business man generally and worthy of the usual business courtesies.

The mule escaped from the Riley place and was pursued by Kepley and found by him in possession of one J. A. Sparks, in Greene County, about ninety miles away from appellant's plantation near Earle. The money which the appellee advanced to Kepley was to enable him to pay the expenses incident to the recovery of the possession of the mule, which Kepley did by suit in replevin.

The appellee, among other things, testified that Riggs, the president and manager of appellant, told him that he had hired Kepley and sent him to cultivate the Riley farm; that he had sent him with a car load of mules and tools. Riggs refused to pay the check, his reason being that he "just had Kepley hired." He told appellee that Kepley had no authority on earth to pursue a mule that had escaped or to incur one cent of expense on that account, and "denied liability."

The above states the facts in the most favorable light for the appellee. The testimony on behalf of the appellant was to the effect that Kepley had no authority to contract any debt for appellant corporation; that he was not under any obligation to go to Greene County to hunt for or recover possession of a mule, and that he had no au-

thority whatever to do so. If he did so he went without the appellant's authority or consent. He was never at any time the agent of the appellant and never had any authority to make any contracts or obligations against the appellant. He was simply a farm hand, sent to Cross County to work on the Riley place temporarily at general farm work, such as plowing and planting the spring crops. His contract with appellant was in writing. The contract was introduced in evidence, and it shows, in effect, that Kepley was employed to work by the day at the sum of $1.15 per day, at any kind of work that appellant had for him to do, and if the work continued longer than one day it was to be at the same wage. If Kepley worked for one year he was to have $15 per month extra.

The appellant asked for a peremptory instruction, which the court refused, and gave instructions submitting the issue to the jury as to whether Kepley was the agent of the appellant, and whether he acted within the scope of his authority as such agent in borrowing the money advanced to him by the appellee.

WOOD, J., (after stating the facts). The court erred in not granting appellant's prayer for an instruction directing a verdict in its favor. The testimony did not raise an issue of fact to be determined by the jury, for it does not tend to prove that the act of Kepley in borrowing money from the appellee was in the scope of his authority as an employee of the appellant.

Even giving the testimony its strongest probative force in favor of the appellee, it does not tend to prove that Kepley was the agent of the appellant, clothed with authority, express, implied or apparent, to borrow money from the appellee with which to pay the expenses incident to the recovery of the possession of a mule that had escaped from appellant's plantation. While there is some testimony tending to show that Kepley was entrusted by the appellant with a car load of mules, tools, etc., which were sent to cultivate the Riley place, owned by appellant in Cross County, Arkansas, this testimony does not tend

to prove that Kepley had authority, express, implied or apparent, to follow one of these mules when the same had escaped from the plantation, for a distance of some ninety miles, and to institute replevin suit for the same and to incur expenses as the agent of the appellant in the recovery of its possession. It is not even shown by the appellee that Kepley represented himself as the appellant's agent when he borrowed the money from the appellee; but even if Kepley had made such representations to the appellee, the appellant would not have been bound by them. The authority of the agent to bind his principal will not be presumed and can not be proved by the mere acts and declarations of the agent in assuming authority. The authority of an agent must be shown by positive proof or by circumstances that would justify the inference that the principal had assented to the acts of his agent. *Daly* v. *Arkadelphia Milling Co.,* 126 Ark. 405; see, also, *Wales-Riggs Plantations* v. *Dye,* 105 Ark. 446.

For the error in refusing to grant appellant's prayer for an instruction directing the jury to return a verdict in its favor the judgment is reversed and the cause is dismissed.