UNITED ORDER OF GOOD SAMARITANS *v.* CAMPBELL.

Opinion delivered December 8, 1930.

U. A. Gentry, for appellant.

E. F. McFaddin, for appellee.

BUTLER, J. The sole question in this case is the right of the intervener, John Campbell, to recover from the appellant, United Order of Good Samaritans, an undertaker's bill. Carrie Carrigan was a member of the United Order of Good Samaritans, but at the time of her death, which occurred on July 25, 1925, her certificate of membership and her rights thereunder were in abeyance because of failure to pay her monthly assessments when due. About the 10th of July, 1925, she had paid her arrears but under the terms of the policy it did not become reinstated until thirty days thereafter, and she, having died within that time, was what was termed by the officials of the order "unfinancial." In a suit by the beneficiary named in the certificate against the appellant company the court properly directed a verdict for the appellant from which no appeal was taken. In that suit Campbell, who was a negro undertaker, intervened for a bill of $93 which he stated was for furnishing a casket and embalming the body. He stated that this was done at the instance of the officers of the local lodge who assured him that the order would pay for these services; that he was familiar with the way these matters were usually handled by the order as he had at one time been the chief officer in the local lodge; that he had joined every negro society in the south; that he had helped to

bury many members of the United Order of Good Samaritans, dealing, with other people occupying the same positions as the local officers in this case, and that the order had never refused to pay him; that he had never had the order to pay him on funeral claims where liability was denied on the policy, and that in all cases where he had been paid for funeral expenses the order admitted the insurance to be in force; that the local officers in this case told him that the deceased sister was "financial."

Further evidence was to the effect that the secretary of the local lodge and one McCrary, who was known as the colonial chancellor and the presiding officer of the local lodge, had no authority to obligate the order for funeral expenses, the duty of the colonial chancellor being to preside over the local lodge and that of the secretary to collect the monthly dues and remit to the home office at Little Rock.

Since Campbell had been a colonial chancellor, he of course knew the authority of these officers, and when they made the arrangements, in so far as the order was concerned, they were acting without the scope of such authority, actual or apparent. Therefore, the order was not bound by any promise they might have made. Such is the well-settled rule of this court. *Wales-Riggs Plantations* v. *Grooms,* 132 Ark. 155, 200 S. W. 804; *Pierce* v. *Fioretti,* 140 Ark. 306, 215 S. W. 646; *Ozark Mutual Life Assn.* v. *Dillard,* 169 Ark. 136, 273 S. W. 378.

The certificate and by-laws of the order were introduced in evidence, among the provisions of which was the following: "Upon receipt of proper advices affirming the death of the member and if this certificate is in force, the order will pay to such persons designated by the beneficiaries $50, which sum when paid shall be charged against the accumulated value of this certificate, but this preliminary payment made on account of burial expenses shall not be as an acknowledgment of any liability under this certificate, should any fraud or noncompliance with the terms and conditions of this certi-

ficate and constitution and laws of the order be discovered.'' This provision was an essential part of the contract, and, as the certificate was not in force at the time of the death of Carrie Carrigan, there was no burial benefit in force. Since this was the case, and there being no evidence to the effect that the local officers were clothed with any express authority, and their positions being such that no authority might be implied, the court erred in directing a verdict for the intervener. A verdict should have been directed for the United Order of Good Samaritans on both branches of the case.

The judgment of the trial court is therefore reversed, and the case is dismissed.