INTERNATIONAL HARVESTER COMPANY OF AMERICA *v.* McLAUGHLIN.

Opinion delivered January 19, 1931.

1124

*Trimble, Trimble & McCrary,* for appellant.

*Chas. A. Walls,* for appellee.

KIRBY, J., (after stating the facts). It is insisted for appellant that the court erred in refusing to direct a verdict in its favor for the amount of the notes sued on, and this contention must be sustained.

Appellee admitted the execution of the notes sued on, that appellant was the holder or owner thereof, and that they had not been paid by him. He alleged that the notes had been satisfied in accordance with an agreement made with the agent of appellant to return the machine and equipment purchased, that he had performed this agreement in accordance with its terms by setting aside the machine for the company, which was to send for it and return the notes to him. The burden of establishing this defense was upon appellee to prove, not only such agreement, the performance on his part of the agreement of settlement made with the alleged agent of appellant, but also that the agent had authority to make such settlement, his authority having been denied. The general rule in cases of this kind was declared in *J. F. Fargason Co.* v. *Dudley,* 173 Ark. 1159, 294 S. W. 6, as follows:

"A person dealing with an agent is at once put upon notice of the limitations of his authority, and must ascertain what that authority is. Such person cannot presume that such authority exists; he cannot rely upon the representations of the agent as to what his authority is; he must make inquiry and use due diligence to learn the nature and extent of such authority. If he does not, he deals with the agent at his own risk; and if the authority of such agent is disputed, it devolves upon him to prove it." See also *U. S. Bedding Co.* v. *Andre,* 105 Ark. 113, 150 S. W. 413, 11 L. R. A. (N. S.) 1019, Ann. Cas. 1914D, 800.

Appellee stated that he made a trade with the collector of appellant company, who agreed to take the tractor back and surrender the purchase money notes, and that Cooper, who had sold him the machine, was with the collector at the time; said he settled without asking

what authority the agent had. "I did not do anything to find out whether he had the authority to take this machine back; I didn't care whether he had authority or not. I just presumed he had the authority. I knew Cooper had the authority, because I bought the tractor from him."

Mr. Lusk, the collector of appellant company, who was introduced as a witness by appellee, stated he·was collector for appellant company. "I was the agent to collect notes that were past due. I have no other authority without further instructions from my superior. If I fail to collect a note, it is my duty to report to the company. I reported to the company in this case. They declined to accept the tractor in settlement of the notes. I notified Mr. McLaughlin of this fact."

W. S. Matthews stated he was "collecting manager" for appellant company with full control and jurisdiction over other territory including Arkansas; appointed Lusk traveling collector with authority limited to making collections, "and he has no further authority." When he failed to make collection of notes, he reported to Matthew's office. He reported when he went to see McLaughlin that McLaughlin couldn't pay the notes, and, if the company wouldn't grant him an extension, he wanted to return the machine in settlement of the notes outstanding. Witness took the matter under advisement, decided they couldn't take the machine back, and had Lusk to notify McLaughlin, which was done. "He had no authority to make any other arrangement other than collect the note."

Thus it appears that there was no substantial evidence showing any authority upon the part of the collector, Lusk, to make a settlement of the notes by accepting the return of the machine; the testimony that he had no such authority being virtually undisputed. Nor does the testimony show any implied authority to receive or take the property or anything but money in collection or payment of the notes, nor any conduct indicating apparent authority to do so. *U. S. Bedding Co.* v.

*Andre, supra; Rodgers* v. *Peckham,* 120 Cal. 238, 52 Pac. 483; *Wales Riggs Plantations* v. *Graves,* 132 Ark. 155, 200 S. W. 804; *Pierce* v. *Fioretti,* 140 Ark. 306, 215 S. W. 646.

The transaction therefore could not have amounted to more than an offer on the part of McLaughlin to settle the notes by the return of the machinery, which appellant declined to accept, and notified appellee it had done so.

It follows that the court erred in not directing a verdict in favor of appellant, and the judgment is therefore reversed, and judgment will be entered here as should have been rendered in the lower court. It is so ordered.