**DIAMOND et al. v. NEW YORK LIFE INS. CO.**

No. 4456.

Circuit Court of Appeals, Seventh Circuit.

June 19, 1931.

Walter Bachrach, Benjamin C. Bachrach, and Arthur Magid, all of Chicago, Ill., for appellants.

Homer H. Cooper, Frank H. Scott, and Wendell J. Brown, all of Chicago, Ill., and Louis H. Cooke, of New York City, for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Appellee issued two $5,000 insurance policies on the life of one Harry H. Diamond. Each policy provided that "double the face of this policy" should be paid if the insured's death "resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental cause." A provision also appeared in each policy to the effect that "this double indemnity benefit will not apply if the insured's death resulted * * * from any violation of law by the insured." While the policies were in force, the insured, upon being convicted of having murdered his wife, was electrocuted pursuant to the judgment of an Indiana state court.

This action was brought to enforce the double indemnity provision in each policy. Defendant did not dispute its liability for the face of the policy, but challenged a liability for double indemnity.

The case was tried by the court without a jury, and resulted in findings and a judgment for appellee. Disposition of the appeal turns upon two controverted issues: (a) Did the insured's death result from "any violation of law by the insured"? (b) Did the insured meet his death from "bodily injury effected solely through external, violent and accidental cause"?

Most of the facts were agreed upon.

Therefore, only two questions of law are raised.

In fact, in view of our conclusion respecting query (b), hereinafter discussed, there is only one question of law which we need consider, viz., the admissibility of the evidence offered by appellee to show that Diamond's death resulted from a violation of law by Diamond. In the stipulation of facts, the parties reserved the right to object to the competency or relevancy of any fact set forth in the stipulation. Pursuant thereto, appellants objected to the proffered proof that the insured was indicted in the criminal court of Lake county, state of Indiana, upon the charge of murder in the first degree, and entered a plea of not guilty to said indictment; that trial was had in a court of competent jurisdiction in Indiana; that the jury rendered its verdict finding said insured guilty of murder in the first degree, as charged in the indictment, and fixed his punishment at death; that thereafter judgment on the verdict was rendered, which judgment directed the warden of the Indiana State Prison to pass through the body of said insured a current of electricity of sufficient intensity to cause death; that, pursuant to such judgment, the warden of the Indiana State Prison did cause the insured to suffer death by passing through his body a current of electricity.

Appellants' position is that such evidence was not admissible as between appellants and appellee to prove that the death of the insured resulted from any violation of law by him.

For the purposes of this argument, and that we may narrow the issue to meet squarely the question presented by appellants, we have assumed that appellants' proof made out a prima facie case of the accidental death of the insured. Likewise we have accepted their contention that the burden was upon appellee to show that such death resulted from a violation of law by the insured. With these issues removed, only a question of law —the admissibility of certain evidence—is left for our determination.

Appellants' position, briefly stated, is that proof of conviction of murder in the first degree is not admissible in a civil action to establish the fact that the accused committed the murder for which he was convicted. In other words, appellants argue that the verdict in the criminal case, finding the insured guilty of murder, is not competent proof in a civil action between different parties that the insured murdered his wife, or committed a violation of law, which resulted in his death.

On the other side, it is argued that the general rule, to the effect that a verdict or judgment in a criminal proceeding is not competent proof to establish a fact necessarily determined in a civil action, has certain exceptions, or rather is not applicable, where the judgment in the criminal action *per se* supplies an indispensable link in the material evidence showing either the cause of action or the basis of the defense.

The general rule for which appellants contend is to be found in many cases. State v. Slack, 200 Ind. 241, 162 N. E. 670, 163 N. E. 21; Montgomery v. Crum (Ind. App.) 150 N. E. 393; Id., 199 Ind. 660, 161 N. E. 251; Lillie v. Modern Woodmen of America, 89 Neb. 1, 130 N. W. 1004; Cammarano v. Gimino, 234 Ill. App. 556; Chamberlain v. Pierson (C. C. A.) 87 Γ. 420; Interstate Dry Goods Stores v. Williamson, 91 W. Va. 156, 112 S. E. 301, 31 A. L. R. 258; Liverpool & London & Globe Ins. Co. v. Wright, 166 Ky. 159, 179 S. W. 49; Sklebar v. Downey, 220 Mo. App. 5, 285 S. W. 148; Marceau v. Travelers' Ins. Co., 101 Cal. 338, 35 P. 856, 36 P. 813. Neither the rule nor the reasons back of it can be questioned. It is only in reference to its exceptions, or to its nonapplicability, that we need concern ourselves.

Jones' Commentaries on Evidence (1st Ed.) vol. 3, par. 590, states the rule and its exceptions in the following language:

"Although, where the parties to the suit are not the same or in privity, the record of the former suit cannot be introduced to establish the facts on which it was rendered, yet there are, in addition to the exceptions referred to, certain incidental purposes for which such records may be introduced. A judgment may be offered in evidence for two purposes: 1. To establish the mere fact of its own rendition and the legal consequences which result from that fact; 2. In addition to the first purpose, for the further purpose of proving some other fact as found by that verdict or upon whose supposed existence the judgment is based."

Illustrations of the instances where judgments or convictions were received in evidence to establish an essential fact upon which the judgment was based are: Actions on contracts for rewards offered for evidence leading to the capture and conviction of offenders: York v. Forscht, 23 Pa. 391; Brown v. Bradlee, 156 Mass. 28, 30 N. E. 85, 15 L. R. A. 509, 32 Am. St. Rep. 430;

Arkansas Southwestern R. Co. v. Dickinson, 78 Ark. 483, 95 S. W. 802, 115 Am. St. Rep. 54. Actions in tort for malicious prosecution, where the acquittal of the plaintiff is essential: Western Union Tel. Co. v. Thomasson (C. C. A.) 251 F. 833; Wilson v. Vassar, 214 Ala. 435, 108 So. 250. Actions to recover fines, where the foundation of the action is the existence of a conviction: Parish of Orleans v. Morgan (La.) 6 Mart. (N. S.) 3. Actions of mandamus to compel issuance of a license to relator, where respondent justified on grounds the relator has been convicted of abusing such license: Cooke v. Loper, 151 Ala. 546, 44 So. 78.

The essence of appellants' case resided in the proof of *accidental* death. This proof was supplied when they showed that the insured was forcibly placed in a certain chair against his will, strapped there, and, against his protest, electrocuted by W.

Such proof, however, admitted of denial and also of explanation. Appellee's explanation lay in the proof that the individual, W., who forcibly placed the insured in the chair, was the warden of the Indiana State Prison; that he acted pursuant to a judgment based upon a conviction of murder in the first degree. This conviction inferentially established the defense upon which appellee relied.

It was not only Diamond's death, but his accidental death, which appellants were under the necessity of proving. Rebuttal or explanation of appellants' prima facie case of *accidental* death brought out all the facts surrounding such death. In other words, appellants proved (a) Diamond's death, and (b) cause of death due to external forces and by instrumentalities over which Diamond had no control. To meet this proof, appellee admitted death, but showed the circumstances which produced it. Those circumstances, which were receivable on the issue of death, also established a fact which in turn established a defense upon which appellee relied.

The decision in Burt v. Union Central Life Insurance Co., 187 U. S. 362, 23 S. Ct. 139, 141, 47 L. Ed. 216, settles the question. While there is much in that opinion which deals with an issue not present in the instant case, the question of the admissibility of this judgment and the verdict upon which it was based was squarely presented and decided.

The court there said:

"But the stress of the plaintiffs' contention rests on the allegation that the insured was unjustly convicted and executed; that he did not in fact commit the crime of murder or participate therein, and that if he did it was while he was insane and not responsible for his actions. * * * It is said that the adjudication in the criminal case is not, as to these plaintiffs, conclusive of the insured's guilt; that they may show in this independent action facts which would satisfy a jury that the outcome of those legal proceedings was unjust because the insured did not participate in the crime, or, if he did, that he was legally irresponsible therefor by reason of insanity. It is not doubted that the criminal prosecution was an adjudication of the insured's guilt, his sanity and legal responsibility for the crime, but the principle of res judicata is that a judgment is conclusive only as between the parties and their privies, and these plaintiffs say they were not parties to the criminal action and are not privies to either party thereto.

"If the case turned on the applicability of the principle of res judicata there would be little difficulty in reaching a conclusion. There is no identity of parties, nor are the two parties to this action privies to those in the criminal proceeding. A judgment in a criminal prosecution for assault and battery cannot be invoked as res judicata in a civil action by the party injured to recover damages. But there the two actions run along parallel lines, and the relief sought in each is the direct and natural result of the wrong complained of. Here the civil action is founded upon the result of the other—cannot be maintained but for the fact of that result. If the insured had been acquitted, there would have been no cause of action on the policy, while the fact that the defendant in the illustration given was acquitted of the criminal offense would not bar the civil action to recover damages."

Counsel for appellants have made vigorous attacks on this opinion in an effort to avoid its controlling effect upon the disposition of the case before us. They have failed, not because of a lack of industry, but because of inability to escape the similar fact situation.

It is true that the holding of the Burt Case is somewhat modified by the later holdings of the Supreme Court. Northwestern Mutual Life Insurance Co. v. Johnson, 254 U. S. 96, 41 S. Ct. 47, 65 L. Ed. 155; Northwestern Mutual Life Insurance Co. v. McCue, 223 U. S. 234, 32 S. Ct. 220, 56 L. Ed. 419, 38 L. R. A. (N. S.) 57. But its modification does not affect the force of the holding which admitted this evidence. The later

cases, above cited, hold that the federal courts will apply the rule of the proper state court respecting the forfeiture of a life insurance policy on the life of one who meets his death as a result of the infliction of capital punishment for the commission of murder. That question is not involved in the instant case, because the policy expressly provides that the double indemnity provision would not apply in case the insured met his death as a result of his violation of the law. In the absence of such a provision, the federal court would apply the law of Indiana, where the insured resided and where the contract was executed. But, with the forfeiture provision inserted in the policy, there is no room for conflict of opinion between courts. The only question is one of proof. The Burt Case is therefore an authoritative and binding holding that the evidence objected to was competent and relevant.

It is unnecessary to discuss the other questions presented by appellants except to say that we have considered the effect of article 1, § 30, of the Indiana State Constitution (Burns' Ann. St. 1926, § 82), which provides that "No conviction shall work corruption of blood or forfeiture of estate," and we are satisfied that it has no application to the facts of this case. Obviously a successful defense to an alleged cause of action for double indemnity does not work a forfeiture of estate. Moreover, there was no cause of action to be forfeited, for the parties agreed by their contract of insurance that there should be no double liability if the death of the insured occurred as a result of his violation of law.

The judgment is affirmed.