I. V. MYERS, Respondent, v. MARYLAND CASUALTY COMPANY, Appellant.

Kansas City Court of Appeals, March 4, 1907.

1. ACCIDENT INSURANCE: Notice of Injury. Where the policy requires immediate notice of an injury, such notice should be given within a reasonable time, and the failure for six weeks to give such notice constitutes a breach of the condition.

2. ———: ———: Waiver. The insurer may waive the forfeiture resulting from the failure to give notice, and if the assured is thereby led into the expenditure of time or money in presenting his demand a waiver will be presumed.

3. ———: ———: ———: Jury Court. Where the existence of some of the elemental facts constituting a waiver is a subject of controversy or the waiver is to be inferred from other facts and circumstances the question is for the jury; but where as in the present case all the constitutive facts are admitted the court is justified in instructing the jury that the defendant had waived the notice required by the policy, and the question was excluded from their consideration.

4. ——— ———: Evidence: Agency: Harmless Error. The action of the trial court in permitting a broker to testify as to notice of the assured's injury received from his wife is held to have been harmless error, since it could not have influenced the jury.

5. ———: Assault: Evidence: Criminal Prosecution: Res Adjudicata: Admission. The assured in an accident policy was injured in an assault by his tenant. He had the tenant arrested who was acquitted on trial. Held, the verdict and judgment in the criminal prosecution was not competent evidence in an action on the policy, since the matter was res inter alios acta, and moreover, the result in criminal prosecutions is incompetent in civil actions, because of the different rules as to the incompetency of witnesses and the weight of the evidence; but a plea of guilty is admissible, since it is an admission of the party himself.

6. APPELLATE PRACTICE: Reproof of Witness: Exception: Motion for New Trial. The appellate court cannot take notice of the action of the trial court in reproving a witness where the exception was not taken at the time and the objection first appeared in motion for new trial.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

AFFIRMED.

*Pratt, Dana & Black* for appellant.

(1) Defendant was entitled to have its demurrer sustained or a peremptory instruction given at the close of all of the testimony in the case. Lange v. Ins. Co., 3 Mo. App. 591; McGrath v. Ins. Co., 84 N. Y. Supp. 375; Ins. Co. v. Rubin, 79 Ill. 404; Ins. Co. v. Brooks, 83 Md. 22, 34 Atl. 373; Ins. Co. v. Klewer, 129 Ill. 611, 22 N. E. 489; Oil Co. v. Ins. Co., 64 N. Y. 85; Devens v. Ins. Co., 83 N. Y. 168; Mellen v. Ins. Co., 5 Duer 101; Ins. Co. v. Reynolds, 36 Mich. 502; Ins. Co. v. Hartwell, 123 Ind. 177, 24 N. E. 100; Hamblet v. Ins. Co., 36 Fed. 118; Ostrander on Insurance, sec. 45; Mechem on Agency, sec. 931; Whart. on Agency, sec. 708; May on Insurance, secs. 122, 123; Insurance Company v. Brown (Texas Sup.), 18 S. W. 713; Alexander v. Insurance Company, 66 N. Y. 464. (2) The notice was not in proper form, nor was it sufficient in any manner. LaForce v. Ins. Co., 43 Mo. App. 567. (3) If it be contended that a proper notice was afterwards made out and given to the defendant, this cannot avail plaintiff anything, because it was not in time. Burnham v. Ins. Co., 75 Mo. App. 394; Cohn v. Ins. Co., 62 Mo. App. 271; Albers v. Ins. Co., 68 Mo. App. 543; Nickell v. Ins. Co., 144 Mo. 429. (4) There was error in the admission and rejection of testimony. (5) It was error for the court to reprimand Alexander Montville when on the witness stand testifying for defendant and in the presence of the jury.

*A. S. Lyman* and *D. W. Brown* for respondent.

Submitted argument.

JOHNSON, J.—Action on a policy of accident insurance begun on the 26th day of March, 1904. Plaintiff

recovered judgment in the sum of $650 and defendant appealed. The policy, admitted to have been in force at the time of the injury alleged, provided for the payment to the assured of an indemnity of $25 per week should he sustain bodily injuries "through external, violent and accidental means . . . if such injury, independently of all·other causes shall immediately, continuously and wholly disable and prevent the assured from performing any and every kind of duty pertaining to his occupation."

On the 19th of August, 1903, plaintiff, according to his evidence, was assaulted without cause or provocation by a tenant and so mishandled that the injuries he sustained totally disabled him for a period of twenty-six weeks. The facts necessary to the statement of a cause of action are sufficiently pleaded in the petition and were put in issue by the answer of defendant which, among others, contains the defense that "plaintiff has never complied with the terms and conditions of his said policy and has never served any written notice upon defendant as required by the terms and conditions of said policy." Defendant's evidence tends to show that the assault was provoked by wrongful conduct of plaintiff towards his tenant and further that the injuries sustained by plaintiff in the encounter were not so severe and disabling as he and his witnesses say they were. These issues were submitted to the jury in appropriate instructions and settled in favor of plaintiff.

The policy provides that, "Immediate written notice must be given the company at Baltimore, or its duly authorized agent, of any accident or injury for which a claim is to be made, with full particulars thereof and full name and address of the assured." It is argued by defendant that its request for a peremptory instruction should have been granted because of the failure of plaintiff to comply with this provision. Instead of giving an instruction of this character, the learned trial

judge instructed the jury that, "defendant herein has waived the immediate written notice required by the policy and that question is excluded from your consideration." Defendant insists, first that there is no evidence in the record on which to predicate a waiver of the notice, and second that the facts adduced on that issue, if found to be substantial, possess no greater evidentiary value than to raise an issue of fact for the jury and did not justify the court in assuming as a matter of law that the giving of the notice had been waived.

The proof shows that the policy had been procured by plaintiff from an insurance broker who was not a commissioned agent of defendant, but solicited business on his own account and when a risk was obtained placed it with one of several companies with which he dealt. The day after the injury the wife of plaintiff, at his request, sent a written message to the broker informing him in substance that plaintiff had been injured and requesting him to call. The broker promptly complied with the request and on his visit to plaintiff was informed of the cause and nature of the injuries. The subject of the insurance was mentioned and it may be said that plaintiff indicated to the broker his purpose to claim the indemnity provided in the policy. Nothing was done by either plaintiff or the broker in the giving of written notice to defendant until the third day of October following when the broker mailed this letter to the general agent of defendant at Kansas City: "I beg to report an injury to Israel V. Myers on Aug. 19th. He was assaulted by his tenant. At the time I thought perhaps he would not put in a claim, but it has turned out worse than was expected. He is insured under policy No. C, 15753, dated Feb'y 7-03."

The general agent, who testified as a witness for defendant, admitted that on receipt of this letter he gave the broker a blank notice of injury for plaintiff's use

and that the blank was used in the preparation of the following notice which came to the hand of the agent on October 8th. "Name of insured, Israel V. Myers: date of accident, Aug. 19th: hour, six o'clock in the morning: place where it occurred, 1443 Jefferson street: was coming from bathroom in my home, 1443 Jefferson street, and was assaulted by Mr. Montville, a tenant, was knocked down the stairway and kicked and beat over the head and body causing rupture of blood vessel in the head (or ear) and sickness at stomach." Shortly after the receipt of this notice, the physician of defendant, at the request of the general agent, examined plaintiff who submitted thereto and made report to the agent of the result of the examination.

We are satisfied that no error was committed in the holding that these facts constituted a waiver in law of compliance in the time prescribed with the provision in the policy regulating the giving of notice: and to clear the way for a discussion of the particular questions of law involved in the ruling, we will concede for argument, without so deciding, that the broker was not the agent of defendant and therefore the letter written to him by plaintiff's wife, even if formally sufficient, was not a notice to defendant for the reason that it was not delivered to an authorized agent of defendant; that the formal notice received by the general agent six weeks after the injury was not an immediate notice within a reasonable definition of that term, but was given after the expiration of the time fixed in the policy, and that plaintiff was not induced to fail to give the notice in time by any act of defendant. Where the policy requires the giving of immediate notice of the injury, such notice must be given within a reasonable time and compliance with the requirement must be treated as a condition precedent to the right of the assured to maintain an action on the policy. Without a showing of good cause therefor, the failure of the insured to give notice until six weeks after the injury, in law, constitutes a

breach of the condition requiring the giving of immediate notice. [LaForce v. Insurance Co., 43 Mo. App. 518; Burnham v. Insurance Co., 75 Mo. App. 394; Burgess v. Insurance Co., 114 Mo. App. 169.]

During the currency of the period in which notice may be given, acts of the insurer in dealing with the insured which clearly indicate an intention not to hold the latter to a strict performance of the condition will operate as a waiver. When the insured, uninfluenced thereto by any act of the insurer amounting in law to a waiver, suffers the time to expire without giving the prescribed notice, his breach of the condition affords a cause for the forfeiture of his rights under the policy, which the insurer has the option of enforcing or waiving. In such case a waiver of the forfeiture may result from the conduct of the insurer and it may be stated as a rule, that, where the insurer with knowledge that a cause of forfeiture exists so conducts himself towards the insured that the latter is justified in believing the right of forfeiture will not be invoked, and is led thereby into the expenditure of time or money in presenting his demand to the insurer, a waiver will be presumed. The insured has the right to rely on the implied assurance contained in such conduct and, after he has acted on it, the insurer will not be permitted to hark back and deny liability on the ground his prior actions show he had voluntarily abandoned the claim. [Dezell v. Insurance Co., 176 Mo. 253; Crenshaw v. Insurance Co., 63 Mo. App. 678; Bolan v. Fire Assn., 58 Mo. App. 225; Cohn v. Insurance Co., 62 Mo. App. 271.]

Ordinarily, a waiver to be implied from the conduct of the parties involves issues of fact which must go to the jury. Generally the existence of some of the elemental facts is a subject of controversy or else it must be inferred from other facts and circumstances in proof. Thus, in Crenshaw v. Insurance Co., 63 Mo. App. supra, the only fact in evidence tending to show a waiver was

that the insurer after the time had expired for the giving of notice furnished blank proofs of loss to the insured. From this fact, the presence of all of the constitutive elements of a waiver had to be inferred in order to sustain the contention of the insured and under the facts and circumstances disclosed, the inference being one about which reasonable minds well might differ, we properly held that an issue of fact was presented for the jury to determine. But, in the present case, all of the constitutive facts are admitted and they offer no room for a reasonable divergence of opinion with reference to the conclusion to be drawn from them. The general agent of defendant, whose authority is not questioned, when informed by the broker of the claim, made by plaintiff, was told in the letter conveying the information the date of plaintiff's injury and therefore knew that a cause of forfeiture existed. In the face of this knowledge, he furnished plaintiff a blank notice in order that one more formal might be given, thereby in effect assuring plaintiff that the presentation of the notice in proper form would be received as one made in proper time. Plaintiff went to the trouble of preparing and executing the notice and sending it to the agent and then at the request of the agent submitted himself to physical examination by defendant's physician. It cannot be gainsaid that defendant by these acts gave plaintiff to understand that the right to declare a forfeiture would be waived, that the claim would be considered on its merits, and that plaintiff acted on this assurance to his detriment. There being no room for a reasonable difference of opinion, no issue of fact was involved and the court was justified in so instructing the jury. [Crenshaw v. Insurance Co., 71 Mo. App. 42.]

Objections are made to the rulings of the court in the admission of evidence. In the examination of plaintiff, his counsel, proceeding on the theory that the broker was the agent of defendant, was permitted over the objections of defendant, to disclose the substance of con-

versations between the witness and the broker for the purpose of showing that the latter received the written notice of injury which plaintiff's wife sent him. It is claimed this was error, but, if it was, it could not have prejudiced the rights of defendant. In the view of the trial judge, adopted after the case had been more fully developed, plaintiff utterly. failed to show the existence of the relation of principal and agent between defendant and the broker and in the instruction above discussed assumed as a matter of law that the written notice to the broker was not served on the defendant, and disposed of the question of notice on the hypothesis that the conduct of the parties subsequent to the expiration of the time for giving notice constituted a waiver. In such state of case, the evidence criticized could not have influenced the jury in any manner and the error, if any, in admitting it was harmless.

It appears that the tenant at the instigation of plaintiff was arrested and prosecuted in the criminal court on the charge of assault and finally was discharged. The court refused to permit defendant to introduce in evidence the record of these proceedings in the criminal court and this ruling is assigned as error. Defendant argues that plaintiff's position as a prosecuting witness in the criminal action made him privy thereto and that the judgment therein rendered, in exculpating the tenant, necessarily adjudicated the fact that plaintiff was not the victim of an unprovoked assault. The proceedings in the criminal action must be regarded as *res inter alios acta*. In this country, the duty of prosecuting for public offenses is devolved upon a public officer chosen for the purpose instead of being left, as in England, to the voluntary action of the party injured. [Cooley on Torts, star page 88.] Plaintiff was in no sense a party to that action. [Gray v. McDonald, 104 Mo. 303; Cottingham v. Weeks, 54 Ga. 275.] He had no right to direct the prosecution nor opportunity to

123 App—44

cross-examine the witnesses for the defense. Moreover, the defendant here was not a party to that proceeding. Had the tenant been convicted, we do not imagine any-one would be hardy enough to contend that the present defendant could in anywise be bound by such judgment. The fact that the parties to the two actions are not the same deprives the judgment in the criminal action of all value in the civil suit, either as an adjudication or as evidence. But, leaving the question of the difference in parties, the correct rule is, that a judgment in a criminal prosecution cannot be received in a civil action to establish the truth of the facts on which it was rendered. [3 Taylor on Evidence, sec. 1693.] The reason for the rule is that in civil and criminal proceedings different rules as to the competency of witnesses and as to the weight of evidence necessary to the finding exist. [Cottingham v. Deeks, supra.] An exception is found in Corwin v. Walton, 18 Mo. 72. There, the defendant in the criminal case pleaded guilty and it was held that the record showing the plea was admissible as evidence in the civil action growing out of the same offense. But in such cases the record is admitted, not as a judgment establishing the fact, but as the deliberate declaration or admission of the party himself that the fact is so. [3 Taylor on Evidence, sec. 1694.] The record was properly excluded.

Complaint is made of a reproof administered by the learned trial judge to the tenant while the latter was on the stand as a witness for defendant, but no exception was taken at the time and we cannot consider an objection of this character which for the first time is presented in the motion for a new trial.

Some other questions are raised which in our opinion are so clearly without merit that it is unnecessary to discuss them. The record is free from prejudicial error and accordingly the judgment is affirmed. All concur.