VICTORIA SKLEBAR, RESPONDENT, v. STEVE DOWNEY, APPELLANT.*

St. Louis Court of Appeals. Opinion filed June 1, 1926.

**1.—Evidence—Judgments—Criminal—Prosecution—Transcript Not Admissible in Civil Action Involving Same Facts.** The judgment or proceedings in a criminal case constitute no proof in a civil action involving the same facts, hence the admission in evidence in a civil action for damages of a transcript of the justice of the peace, which showed that defendant had

been tried and convicted for the identical acts complained of in the petition, constituted prejudicial error.

**2.—Same—Same—Same—Appeal from Conviction Dismissed—Not Equivalent to Plea of Guilty So as to Make Transcript Admissible.** Where defendant appealed to the circuit court from a conviction in a justice court for the identical acts complained of in plaintiff's petition in a civil action against defendant for damages, and thereafter dismissed his appeal and paid the fine, **held** not equivalent to a plea of guilty so as to make the transcript of the conviction admissible in evidence in such civil action.

*Corpus Juris-Cyc. References: Evidence, 22 C. J., p. 330, n. 74: Judgments, 34 C. J., p. 970, n. 5; p. 971, n. 6, 7, 9.

Appeal from the Circuit Court of Franklin County.—Hon. R. A. Breuer, Judge.

REVERSED AND REMANDED.

*James Booth* and *Virginia J. Booth* for appellant.

(1)   The rule is well settled in this country generally that the judgment or proceedings in a criminal case constitute no proof in a civil action involving the same facts. 34 Cor. Jur. sec. 1387, p. 970; Myers v. Casualty Co., 123 Mo. App. 690; Bennett v. Life Assurance Corporation, 255 S. W. 1077; Womach v. City of St. Joseph, 201 Mo. 467. (2) It is the rule and law that it is error to admit proof of facts not pleaded. Brooks v. Blackwell, 76 Mo. 309; Steckman v. Railroad, 178 Mo. App. 378; Degonia v. Railroad, 224 Mo. 589. (3) Instructions cannot be broader than the pleadings, but must be within the purview of both pleadings and evidence. Degonia v. Railroad, 224 Mo. 589.

*W. L. Cole* for respondent.

(1)   The plaintiff first contends that the court erred in admitting the record of a criminal proceeding had against defendant for the shooting alleged in this petition. The facts are, as shown by the record, that upon the trial of the criminal case in the justice court, the jury convicted defendant and assessed his punishment at a fine of $1, and the defendant appealed to the circuit court, and when the case was called at the March Term, 1925 of Franklin county circuit court, the trial proceeded until the State had concluded its evidence, whereupon the defendant dismissed his appeal and accepted the punishment assessed in the justice court. The plaintiff, in the civil action, introduced this record on the theory that the dismissal of his appeal by the defendant after the State's testimony had been offered, was equivalent to a plea of guilty, and for that reason was admissible as evidence in the civil action. Corwin v. Walton, 18 Mo.

71; Buckley v. Knapp et al., 48 Mo. 162; Gray v. McDonald, 104 Mo. 310; Freidenheit v. Edmundson et al., 36 Mo. 231; Myers v. Casualty Co., 123 Mo. App. 690; Omohundro v. Emerson, 80 Mo. App. 316; Baldwin v. Fries, 46 Mo. App. 295; 31 A. L. R. 278 n.; A. L. R. 775 n.; 16 A. L. R. 798 n.; 2 Taylor on Evidence, 1115. (2) Appellant's second contention is that the court erred in admitting evidence of the fact that plaintiff had never been able to work since her injury, because the petition failed to ask for damages for lack of services. The evidence was offered simply to show the extent of the plaintiff's injury and not for the purpose of claiming damages for loss of time. (3) The defendant's third contention is that the trial court erred in giving to the jury plaintiff's instruction No. 1, authorizing the jury to allow her compensation for bodily pain and mental anguish on the theory that the petition did not ask for same. The petition is worded as follows: "Inflicting wounds upon the body, face and hands of plaintiff, whereby she was bruised and maimed and injured, resulting in severe nervousness, lack of sleep and bodily pain and mental anguish." Appellant contends that this pleads a lack of bodily pain and mental anguish. We think this contention is too ludicrous and ridiculous to challenge the attention of the court, as the purpose of the pleader is plain and the claim of plaintiff is that this shooting resulted in severe nervousness resulted in lack of sleep and resulted in bodily pain and mental anguish, and no other reasonable construction could be placed upon the petition, and the language of the instruction complained of is identical with that of the petition.

DAUES, P, J.—This is an action for damages, in which the petition alleges that defendant wantonly and maliciously assaulted plaintiff and shot and wounded her with a shotgun. There was a verdict and judgment for plaintiff for $1000 actual, and $500 exemplary damages. The defendant appeals.

The pleadings are not questioned. The defendant concedes that the evidence is sufficient to make a prima-facie case for plaintiff. The assignments of error go to the misreception of evidence, and the instruction on the measure of damages.

Briefly, the facts are that plaintiff and defendant occupied adjoining farms in Franklin county, Missouri, and considerable enmity had engrasped them on account of litigation over a roadway.

Plaintiff's evidence is that she was shocking corn in the field on the day named, and that defendant approached her and quarreled with her, and then went to his house, got a shotgun and shot her, inflicting wounds.

The defendant stoutly denied that he either shot or attempted to shoot plaintiff, and introduced evidence tending to prove that plaintiff's injuries, however caused, were minor.

At the trial, and to support plaintiff's case in chief, plaintiff introduced in evidence the transcript of the justice of peace which showed that defendant had been tried and convicted before a jury and fined $1 and costs for the identical acts complained of in the petition. When this record was offered in evidence, the defendants strenuously objected to its admissibility on the ground that same was not admissible because plaintiff was not a party to the prosecution of the defendant in the State case, and that evidence of his conviction in the criminal case could not be used against him in this case. The court overruled the objection and allowed the justice's record showing defendant's conviction to be read in evidence to the jury. This action of the court forms defendant's chief complaint here.

Authorities throughout the States quite generally agree that the judgment or proceedings in a criminal case constitute no proof in a civil action involving the same facts. [34 Corpus Juris, sec. 1387, p. 90; Myers v. Casualty Co., 123 Mo. App. 682, l. c. 690, 101 S. W. 124; Womach v. City of St. Joseph, 201 Mo. 467, 100 S. W. 443. See also Bennett v. Life Assur. Co., 255 S. W. 1076.]

In 34 Corpus Juris, supra, the cases are collated and the learned commentator concludes that the great weight of authority in this country, in the absence of any statute to the contrary, is to the effect that a judgment in a criminal prosecution is not proof of anything in a civil action, except the mere fact of rendition.

In Myers v. Casualty Co., supra, the Kansas City Court of Appeals definitely rules that a judgment in a criminal prosecution cannot be received in a civil action to establish the truth of the facts on which it was rendered, but that a plea of guilty is admissible. So, without discussing further that proposition and the cases supporting the same, it would seem quite clear that the court committed error in allowing this evidence to go to the jury as proof of plaintiff's cause of action in the civil case. The respondent, tacitly at least, concedes this proposition of law, but seeks to avoid the difficulty upon this theory, that is, that the record shows that after the defendant was convicted for the assault before the justice, he appealed to the circuit court of Franklin county; that when the case reached the circuit court, and after the trial had begun there, the defendant dismissed his appeal and paid the fine on the judgment as rendered in the justice court. Plaintiff says that this action on the part of defendant was equivalent to a plea of guilty, and for that reason the transcript was admissible as evidence in the civil case. We cannot accede to this view. The transcript of the justice of the peace court was introduced as evidence to establish plaintiff's case in this action. The conviction before the justice of peace was resultant of a trial on a plea of not guilty. The defendant at no time admitted his guilt; the jury found him guilty; he took an appeal and then dis-

missed the appeal and paid the fine imposed by the jury. This certainly does not constitute a plea of guilty or an admission of guilt. This error of the court is not a technical one, but one which reached the substantial rights of defendant and was highly prejudicial. For that reason a retrial must be had.

The objection made to the instruction is that same assumes disputed facts. Since there is to be a retrial, it is not likely that this same question will again arise.

. For the reasons above set out, the judgment is reversed and the cause remanded. *Becker* and *Nipper, JJ.,* concur.