## HARRY SOTHERN, PLAINTIFF-APPELLANT, v. JAMES VANDYKE, DEFENDANT-RESPONDENT.

Submitted May 25, 1934—Decided October 5, 1934.

For the plaintiff-appellant, *Platoff, Saperstein & Platoff*.

For the defendant-respondent, *Lindabury, Depue & Faulks*.

The opinion of the court was delivered by

WELLS, J.  This is an appeal by the plaintiff from a judgment entered in favor of the defendant, after a jury had rendered a general verdict of no cause of action in a trial in the Supreme Court, Essex county.

Plaintiff, a resident of New York, brought the action against the defendant, a resident of New Jersey, to recover for personal injuries received in an automobile accident which occurred August 13th, 1929, in the town of New Canaan, Connecticut.

The plaintiff's cause of action was based upon section 1628 of chapter 308, session laws of Connecticut, 1927, general statutes of Connecticut, revision of 1930, known as the "Guest act," section 1 of which provides as follows:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his heedlessness or his reckless disregard of the rights of others."

From the evidence offered upon the trial, the jury might have reached the following conclusions:

The plaintiff was a stage director, who, on the evening of the accident, was directing a company of players at a local theater in Stamford, Connecticut.

After the evening's performance was over, the plaintiff and a Miss Nelson, an actress, were riding at the invitation

of the defendant, in an automobile owned and operated by him along the Smith Ridge road, New Canaan, Connecticut. The three were sitting together on the front seat, the plaintiff on the outside to the right, and the car was proceeding along the highway in a northerly direction at about thirty-five to forty miles an hour and came to a very sharp left-hand turn in the highway. The defendant, who failed to see this curve until within a few feet of it, in attempting to make the turn, drove off the road to the right and his automobile came in contact with a tree, a short distance off the road, injuring the plaintiff.

The three had dined together and before and during the dinner they imbibed some cocktails and highballs.

After the accident the defendant was arrested on a warrant, based upon a complaint made by the prosecuting attorney of the town of New Canaan, and he was brought before the town court of New Canaan to answer a charge "that on the 13th day of August, A. D. 1929, at and within the town of New Canaan, the defendant, with force and arms, did operate a motor vehicle upon a public highway of this state, to wit, Smith Ridge, in said town of New Canaan, recklessly, having due regard to the width of said street, the intersection of streets and the traffic and weather conditions existing at the time and place above mentioned, against the peace and contrary to the statute in such case made and provided."

The plaintiff offered in evidence a certified copy of this complaint, upon the back of which appeared these words— "Complaint for Reckless Driving," and just below this were printed the words "Plea—guilty to—Counts." The words "guilty to" were encircled in black ink, and just below appeared the sentence "Order to pay a fine of $50 and costs."

This is the only evidence of the conviction or plea of guilty.

The court refused to admit this record in evidence.

This appeal is predicated on ten grounds, the first eight of which relate to the admissibility of evidence purporting to show that the defendant was arrested and charged with reckless driving after the accident and pleaded guilty.

Two Connecticut cases having to do with the admissibility

of pleas of guilty entered by defendants in criminal cases as admissions of liability in accident cases were cited by counsel for the respective parties. One was *Zenuk* v. *Johnson,* 158 *Atl. Rep.* 910, and the other was *Grasso* v. *Frattolillo,* 149 *Id.* 838. Neither of these cases is precisely in point.

We must, therefore, examine the general statutes of the State of Connecticut concerning reckless driving, upon which the criminal complaint against the defendant was based, and the decisions of the Supreme Court of Errors of Connecticut, construing the meaning of the phrase "heedlessness or reckless disregard of the rights of others" used in the Guest act, in order to determine whether a conviction under the former was material and relevant and of probative force in a civil suit based upon the latter. The Guest act has been definitely construed a number of times by the highest court of Connecticut.

The Supreme Court of Errors of Connecticut, in *Bordonaro* v. *Senk,* 147 *Atl. Rep.* 136, said:

"The framers of the statute ('the Guest act') undoubtedly used the noun 'heedlessness' in the place of the adjective 'heedless' and the word 'or' for 'an.' The phrase 'or caused by his heedlessness or his reckless disregard of the rights of others' meets the legislative intention when it is construed to read, 'or caused by his heedless and his reckless disregard of the rights of others.' "

Judge Banks, delivering the opinion for the same court, in *Ascher* v. *Friedman, Inc., et al.,* 147 *Atl. Rep.* 263, after quoting the act in question, said:

"In *Silver* v. *Silver,* 108 *Conn.* 371, 376; 143 *Atl. Rep.* 240, 242, we construed this statute to limit liability in such actions to two classes of cases: 'First, when the accident was caused by intentional misconduct; and, second, when it was caused by heedless or reckless disregard of the rights of others, meaning thereby something more than the mere failure to exercise the care of a reasonably prudent man which is the familiar definition of negligence.' "

In *Bordonaro* v. *Senk, supra,* the court said that: "Act or conduct in reckless disregard of the rights of others is

improper or wrongful conduct, and constitutes wanton misconduct, evincing a reckless indifference to consequences to the life, or limb, or health, or reputation or property rights of another."

The court in the same case, citing *Menzie* v. *Kalmonowitz,* 139 *Atl. Rep.* 698, went on to say: "Wanton misconduct is more than negligence, more than gross negligence. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action."

Let us now examine the statute upon which the criminal complaint against the defendant for reckless driving was made. It is section 1581 of the general statutes of Connecticut, 1930, and is as follows:

"Reckless driving. (a) No person shall operate any motor vehicle upon any public highway of the state recklessly, having regard to the width, traffic and use of such highway, the intersection of streets and the weather conditions, or so as to endanger the property or life or limb of any person.

"(b) No person shall operate any motor vehicle upon any public highway of the state at a rate of speed greater than is reasonable, having regard to the width, traffic and use of the highway, the intersection of streets and the weather conditions."

And this section is supplemented by section 1582, immediately following, which reads as follows:

"Sec. 1582. Certain acts declared reckless. The operation of a motor vehicle upon any public highway at such a rate of speed as to endanger the life of any person other than an occupant of such motor vehicle * * * shall constitute a violation of the provisions of subsection (a) of section 1581. The operation of a motor vehicle upon any public highway at such a rate of speed as to endanger the life of any occupant of such motor vehicle, but not the life of any other person than such an occupant, shall constitute a violation of the provisions of subsection (b) of section 1581."

It will be observed that subdivision (a) of section 1581, *supra,* specifies two offenses, namely, the operation of the motor vehicle upon any public highway recklessly, or the

operation of the motor vehicle so as to endanger the property or life or limb of any person. The complaint filed in the town court of New Canaan alleged only a violation by the defendant of the first of these two offenses.

In the case of *State* v. *Andrews,* 142 *Atl. Rep.* 840, cited by counsel for both parties, the Supreme Court of Errors of Connecticut said: "Driving 'recklessly' might be established by facts which would not prove that life, limb or property was in the given instance endangered; and, conversely, the latter might be proved without showing that the driver was acting regardless of consequences or even carelessly."

The exemplified copy of the town court record is not clear and definite as to what the defendant is alleged to have pleaded guilty, nor does it show under what facts a conviction or a plea of guilty was taken, and since the court of Connecticut in *State* v. *Andrews, supra,* has said, "driving recklessly might be established by facts which would not prove that life, limb or property was in the given instance endangered," the bare record of the town court of New Canaan offered by the plaintiff at the trial could not be used as an admission to establish liability under the "Guest statute" where liability is imposed not merely for reckless driving but is imposed only when there has been wanton misconduct, *i. e.,* where the facts show that the defendant has evinced an utter disregard of the consequences of his act to the life and limb of his passenger.

Neither do we find any error in the court's refusal to admit certain portions of the testimony of the police officers taken by deposition. The purpose of the questions addressed to these officers was to establish the fact that a complaint of reckless driving had been made against the defendant and that defendant had entered a plea of guilty thereto. Neither of the officers had any personal knowledge of the facts of the accident. The chief of police did not attend the hearing at which the plea of guilty was entered and the other officer couldn't say definitely that he was present at the trial. The testimony of both officers, therefore, must necessarily have

been hearsay both as to the accident and what happened at the trial.

The appellant further says that it was error to exclude the testimony as to an admission which the defendant had supposedly made to his attorney. The defendant was asked whether he had not made a statement in substance or effect that he had been driving his automobile recklessly at the time and place of the accident and answered that he had not made such a statement; whereupon the attorney for the appellant asked him if he had authorized his attorney to make such a statement for him and also if he had at any time or place made a statement that he had been guilty of reckless driving at the time and place in question. These questions all had to do with the plea of guilty entered in the town court of New Canaan. This was so obviously an attempt to prove indirectly what the court refused to permit to be proved directly, that the court properly held these questions inadmissible. If the plea itself was not admissible in evidence, then, of course, any statement made to the attorney of the defendant authorizing him to make such a plea would not have been admissible. The appellant's counsel admit that the questions were not asked for the purpose of impeaching the defendant's credibility, but for the purpose of obtaining substantive proof of facts. This, for reasons before stated, we think could not be properly done.

The ninth ground of appeal is based upon the trial court's refusal to strike out the defense of assumption of risk contained in the answer of the defendant and in leaving this issue to the consideration of the jury. The appellant says that there was not a scintilla of evidence in the case from which a jury could have found that the risk to which plaintiff was exposed in riding in defendant's automobile was open, obvious and apparent to him and that plaintiff thereby assumed the risk of any damages incident thereto. We cannot agree with the appellant in this.

There was, as stated before, testimony in the case brought out by the plaintiff himself indicating that the plaintiff and the defendant had been indulging in intoxicating liquors

immediately prior to the performance of the play; that a short time before the trip began, the defendant was in an intoxicated condition back stage during the show; that he became so abusive and loud that the stage manager had to eject him, and that plaintiff was back of the stage at the time, although he says he did not see nor hear the defendant during the performance. There was also testimony that the defendant was intoxicated immediately after the accident. On the other hand, defendant denied that he was intoxicated at any time and he was corroborated in this by the testimony of a physician who examined him immediately after the accident. There was, therefore, conflicting testimony in the case as to whether or not the defendant was intoxicated while driving his automobile, and it was a question for the jury whether in the exercise of reasonable care, under all the circumstances of the case, the plaintiff, who had been conversing with the defendant on the first part of the trip, before he (plaintiff) went to sleep, knew or should have known the condition of the defendant and whether the plaintiff had acted as a reasonable person in undertaking to ride with defendant.

The plaintiff has no cause for complaint as to the court's charge on the question of assumption of risk for it couched in the very language of the plaintiff's request to charge and was very favorable to plaintiff.

We find no error in the court's refusing to strike out the defense of the assumption of risk contained in the answer of the defendant and in leaving this issue to the consideration of the jury.

The tenth ground of appeal is based upon the trial court's charge to the jury regarding the testimony as to the occurrence of the accident as follows:

"His [defendant's] description of it goes only to charge him with mistake in judgment or negligence, and if his explanation is true, then the plaintiff in this case cannot recover."

Appellant says that by instructing the jury in this manner, the trial court, in effect, charged that, as a matter of law,

only one inference could be drawn from the defendant's testimony, *i. e.*, an inference of mistake in judgment or negligence and that this was error for it was for the jury to determine the inferences to be drawn from the defendant's testimony. The charge of the court must be considered as a whole in order to determine whether or not prejudicial error was committed in charging the jury. The court very specifically stated that if the defendant's explanation was true, then the plaintiff could not recover. We see no harm in this because it was a correct statement. The defendant's testimony would not admit of any inference of reckless disregard of the rights of others within the meaning of the Guest act as construed by the highest court of Connecticut.

The determination of the facts and the inferences to be drawn therefrom was left entirely to the jury to decide, and they were told that they must decide the facts from the evidence as they heard it and not as the court might "redetail" it to them.

We find no harmful error in the record below and we are, therefore, of the opinion that the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, KAYS, HETFIELD, DEAR, WELLS, JJ.  13.

*For reversal*—DONGES, VAN BUSKIRK, JJ.  2.