Earl OSBORN, Respondent,

v.

Herbert L. GIBSON, Public Administrator of the Estate of Mildred E. Keesamen et al., Appellant.

No. 22672.

Kansas City Court of Appeals.

Missouri.

Jan. 6, 1958.

Ewing & Beavers, J. Dorr Ewing, Joe Beavers, Maryville, for appellant.

J. K. Owens, Martin Anderson, Kansas City, for respondent.
SPERRY, Commissioner.

This is an action for personal injuries and property damage, brought by plaintiff against one Chilton, driver of a truck which was involved, and the administrator of the estate of Mildred E. Keesamen, deceased. The action grows out of a collision when an automobile, being driven by deceased, collided head-on with a farm tractor driven by the plaintiff, on Highways 36, four miles east of Cameron, Missouri. Plaintiff sued in two counts, the first count for personal injuries and the second for damages to the tractor. Defendant appeals.

Chilton filed no answer to the fifth amended petition, upon which the cause was tried, and was not present in court at the trial of the cause. However, the case was submitted as to both defendants. The jury found a verdict for Chilton but returned a verdict against defendant administrator in the sum of $5,000, and another verdict (for the tractor) in the sum of $1,700. The administrator, whom we shall refer to as defendant, has appealed.

Plaintiff, as to both defendants, submitted on primary negligence, speed, left (wrong) side of highway, failure to turn, failure to stop, and failure to keep a look-out. Defendant's answer pleaded that the accident was a result of the joint, separate and concurring negligence of plaintiff and Chilton.

The collision occurred on Highway 36, a hard surfaced, east-west road. The pavement was 21 feet wide. At that point there is a dip between two hills, the crests of which are about 700 feet apart. Plaintiff was operating a farm tractor, pulling a wagon, travelling east on the south half of the pavement, near the south edge thereof, at a speed of about 23 miles per hour. There is a "No Passing" zone extending several hundred feet in each direction from the point of collision. The collision occurred near the bottom of the hills. It was daytime and weather conditions were normal.

The evidence is not conflicting.

Two trucks were travelling east, to the rear of plaintiff's tractor. The most westerly of said trucks was operated by Chilton, and the other, being known as the Minshall truck, was between it and the tractor. Chilton pulled out and passed the Minshall truck. He partially got back into his proper traffic lane, then decided to go on and pass the tractor. He pulled out in the "No Passing" zone, and started passing the tractor. At this point deceased's automobile appeared at the crest of the hill to the east, travelling west.

Plaintiff looked to the east and saw the automobile. He estimated its speed to be from 65 to 75 miles per hour. She was in her own traffic lane. Plaintiff later stepped the distance from the location of the scene of the collision to the point where the automobile was at the time when he first saw it appear, and stated that it was 348 feet. The state trooper, who arrived at the scene later, estimated that distance to be 200 feet.

Prior to the collision the Chilton truck was astride the center line of the highway, and within a foot of the tractor. Deceased's automobile either went out of control shortly after coming over the crest of the hill, or she operated it so that it crossed to the south lane of traffic and struck the tractor head-on. Immediately thereafter, the right front wheel of the Chilton truck struck and entered the right rear portion of deceased's automobile, and entered the rear seat, driving the automobile back west some twelve feet from the front of the tractor. The automobile struck the tractor with such force as to knock the front end of the tractor out from under and also caused the left rear wheel to be loosened. Mrs. Keesamen died of injuries she received as a result of the collision.

As stated, Chilton was not present at the time of the trial but defendant offered in evidence an information, which had been duly filed, wherein Chilton was charged with manslaughter because of negligence causing the death of Mrs. Keesamen. Defendant also offered the court record where Chilton pled guilty to said charge and was sentenced to six months in jail. Plaintiff objected to the reception in evidence of these documents and the objection was sustained. Defendant assigns this as a ground of error.

The information charged, briefly, that Chilton did " * * * carelessly, recklessly, feloniously with culpable negligence * * * pass a farm tractor up a hill across a yellow line in a no-passing zone, thereby driving, propelling and forcing said truck with great force and violence against and upon an automobile driven by one Mildred T. Keesaman, * * * and did then and there * * * propel and force the said truck against and upon the automobile driven by the said Mildred T. Keesaman * * * " inflicting upon her mortal wounds of which she died.

Defendant says the very issue in trial in the instant case was whether or not Chilton was negligent. We think that is not a proper exact statement of the issue. The real issue was whether or not either, or both, Chilton and Mrs. Keesamen was guilty of negligence which *caused* or *contributed* to cause personal injuries and property damage to *plaintiff*. The information did not charge Chilton with any negligence so far as *plaintiff* is concerned.

Defendant cites and relies on Keely v. Arkansas Motor Freight Lines, Mo., 278 S.W.2d 765. In that case (770) the court held that it was not error to admit in evidence a certified transcript of proceedings in magistrate court where defendant entered a plea of guilty. The objection was that defendant had no opportunity to plead *nolo contendere,* which he had not offered to plead. It was held, in Neibling v. Terry, 352 Mo. 396, 177 S.W.2d 502, 152 A.L.R.

249, that a plea of *nolo contendere* is not recognized in Missouri. In that case it was held that proof of the conviction of a lawyer on a charge of using the mails to defraud justified disbarment under the *statute* and *rule* authorizing disbarment for conduct contrary to justice, honesty, modesty and good morals.

Neither of the two above mentioned cases are similar to the case at bar. The charge to which Chilton pleaded guilty was not the same as that for which he was on trial in the case at bar. He could have been guilty of having negligently caused the death of Mrs. Keesamen and yet not have been guilty of such negligence as caused or contributed to cause *plaintiff's* injuries. According to the evidence his truck did *not* strike the *tractor,* and it struck the automobile *after* the automobile had struck the tractor.

In State v. Hadley, Mo., 249 S.W.2d 857, 860, it was held that a plea of guilty is a solemn confession of the truth of the charge *to which* it was entered, and proof of such plea would ordinarily be competent as an admission of the accused in any subsequent proceeding in which it might be relevant and the occasion for reference to it might arise. There, accused had, when first arraigned on a charge of murder, pleaded guilty. The plea had later been set aside and it was held, on a later trial of the same charge, that evidence of the plea was admissible under the circumstancs of that case. It does not aid defendant here.

The only other case cited by defendant is Nevins v. Solomon, 235 Mo.App. 967, 139 S.W.2d 1109. It does not appear to be in point.

Most of the leading cases approving of the admission, in civil actions, of a previous criminal conviction as evidence of the facts upon which it was based, have involved situations where the convicted criminal has sought to take advantage of rights growing out of the criminal act. 18 A.L.R.2d 1300. However, there is a recognized distinction between the admissibility of a record of

conviction and that of a plea of guilt. Sklebar v. Downey, 220 Mo.App. 5, 285 S.W. 148. The distinction is based on the theory that a plea of guilty to a charge involving certain facts constitutes an admission against interest. Mead v. Wiley Methodist Episcopal Church, 23 N.J. Super. 342, 93 A.2d 9, 13. In Summers v. Rutherford, Mo.App., 195 S.W. 511, 513, the Springfield court held it was error to admit evidence of *conviction* in a prior criminal case growing out of the same transaction. Where one of the issues is the guilt of the person convicted of a criminal charge, or some fact necessarily involved therein, it is proper to admit evidence of a plea of guilt. 18 A.L.R.2d 1307. But it was held, where the issues were *not* the same in the two actions, it is proper to exclude evidence of a plea of guilty to reckless driving in a suit brought by a guest passenger for injuries received in an accident because the degree of recklessness to which he pleaded was not necessarily the same as required for a judgment in the civil action. Southern v. Vandyke, 114 N.J.L. 1, 174 A. 877.

Bibbs v. Fidelity Health & Accident Company, Mo.App., 71 S.W.2d 764, is a case where the estate of a deceased sued an insurance company on a policy which excluded liability for death intentionally caused by another. Defendant, over objection, introduced the record of conviction of a third person for the killing. This court held that since the estate was not a party to the criminal action it was error to admit the record. The weight of authority supports the rule that a defendant cannot introduce evidence of the conviction of strangers for committing the act which caused the damage for which he is being sued. Mead v. Wiley Methodist Episcopal Church, supra. In that case it was held improper to show a plea of guilty by a third party to negligently operating the automobile which caused the damage for which defendant was then being sued, because there one of the main questions involved was the identity of the driver.

██ We have carefully considered the authorities cited by diligent counsel in this case, and have searched for others. We find no direct authority supporting the admissibility, in this case, of Chilton's plea of guilt to a charge of having unlawfully killed Mrs. Keesamen in the same accident that is here involved. The elements making it admissible are not present. Plaintiff was not a party to the criminal action nor do the facts involved in that action, which Chilton admitted by his plea, constitute evidence to prove that his negligence was the sole cause of plaintiff's injuries and damage, or even that they contributed to cause them. Such facts as are charged in the information do not negative decedent's negligence, if any.

Defendant assigns error in the giving of Instructions P1 and P2. P1 referred to Count I of the petition and P2 referred to Count II. The question of the negligence of each of the co-defendants was submitted in said instructions, and each of said instructions contained the following:

"The Court further instructs the jury that if you find and believe from the evidence that either defendant was negligent as above set out, and the other defendant was not guilty of any negligence, then your verdict must be for the plaintiff and against the defendant as found in the evidence was negligent."

Defendant contends that since co-defendant Chilton filed no answer to 5th amended petition, on which the cause was tried, he was in default. In Fawkes v. National Refining Company, 341 Mo. 630, 108 S.W. 2d 7, our Supreme Court held that a co-defendant who had filed answer and, later withdrew it, was in default and, 108 S.W. 2d loc. cit. 10, said: "A default admits the truth of the allegations of the petition constituting plaintiff's cause of action and defendant's liability thereunder." The court further held that, although the default admitted liability, it did not admit the amount of damages, that question being left

for trial. The above decision was followed by the Springfield Court in Putney v. Du Bois Company, 240 Mo.App. 1075, 226 S. W.2d 737, 741, and by this court in Oliver v. Scott, Mo.App., 208 S.W.2d 468, 470.

[2] Since Chilton's negligence, and liability therefor, was not an issue because he was in default, it was error for the court to instruct thereon. In view of defendant's (appellant's) defense herein, such instruction constituted reversible error. By the jury's verdict exonerating Chilton, which it could not have done but for the instructions complained of, this appealing defendant has been deprived of his right of contribution from Chilton.

Further commenting on said instructions, it is noted that the jury may have believed, from the wording used, that it must find that Chilton's truck actually struck plaintiff's tractor in order for Chilton to be found negligent.

Both instructions constitute a misdirection to the jury and are prejudicially erroneous.

Other points are urged for reversal but such errors, if they are errors, are very unlikely to occur on a retrial of the cause, and it would be of no profit to discuss them in this opinion.

The judgment should be reversed and the cause remanded for new trial.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded for new trial.

All concur.