**CONNECTICUT FIRE INSURANCE COMPANY and Hawkeye-Security Insurance Company, Appellants,**

v.

**Anthony FERRARA, Appellee.**

**No. 16051.**

United States Court of Appeals
Eighth Circuit.

April 22, 1960.

Rehearing Denied June 2, 1960.

Glenn E. McCann, Kansas City, Mo., for appellants.

Joseph S. Levy, Kansas City, Mo., for appellee.

Before GARDNER, VOGEL and VAN OOSTERHOUT, Circuit Judges.

VOGEL, Circuit Judge.

Connecticut Fire Insurance Company and Hawkeye-Security Insurance Company, appellants here, brought suit in the federal District Court for the Western District of Missouri seeking a declaration of their liability under two fire insurance policies issued to the appellee, Anthony Ferrara, in the amount of $5,000 each. Simultaneously the insured initiated an action in the state court of Missouri to recover the full amount of the policies. The state court action was then removed to the federal court and consolidated for the purposes of trial with the declaratory proceedings. The District Court, sitting without a jury, found for the insured and entered a judgment against each insurance company in the amount of $5,000.00 plus interest and costs, from which result this appeal is taken.

The insured property, consisting of a fruit and grocery market in Kansas City, Missouri, was destroyed by fire on September 21, 1955. The proofs of loss filed by the insured contained the following provision:

"The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof."

The policies in question provided that:

"This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto."

The insurance companies maintained that the insured had rendered the policies void in that he had falsely sworn that the fire was not due to any act or design on his part and in that he had fraudulently sworn to the values and extent of the property damaged. During the course of the trial the insured was asked on cross examination whether or not on February 14, 1957, he had been convicted in the Circuit Court of Jackson County, Missouri, of the crime of arson in connection with the destruction of the insured premises. An objection to this question was sustained on the grounds that the state court criminal conviction was then on appeal to the Missouri Supreme Court. Thereafter counsel for the insurance companies offered to prove the fact of the conviction, to which the insured's objection was sustained. The District Court then found that, on the basis of the evidence before it, the destruction of the insured premises was not due to the act or design of the insured and that he was guilty of no fraud in valuing the destroyed property.

Subsequent to the entry of judgment and to the filing of the notice of appeal therefrom, the insured's criminal conviction was affirmed by the Missouri Supreme Court. State v. Ferrara, Mo., 1958, 320 S.W.2d 540. The insurance companies thereupon petitioned the Dis-

trict Court to vacate the judgment and to enter judgment for them or, in the alternative, to reopen the proceedings on the grounds that the affirmance of the conviction constituted newly discovered evidence. Because of the previously filed appeal the motion was denied, the District Court stating:

"It is the opinion of the court that the question is now one for determination by the Court of Appeals and not this court."

▊ The central issue presented by this appeal is whether or not a criminal conviction may be considered in a subsequent civil proceeding for the purpose of establishing the truth of the facts upon which it was based. The courts of Missouri have uniformly held that a criminal judgment may not be so used. Sklebar v. Downey, Mo.App., St. Louis, 1926, 220 Mo.App. 5, 285 S.W. 148; Summers v. Rutherford, Mo.App., Springfield, 1917, 195 S.W. 511; Myers v. Maryland Cas. Co., Mo.App., Kansas City, 1907, 123 Mo.App. 682, 101 S.W. 124. The rationale of these and similar rulings of other jurisdictions has been that criminal and civil proceedings differ as to the issues, objects and procedures involved. Additionally, it has been thought that the fact that a judgment of acquittal could not be binding upon the new civil party prevents, upon the principle of mutuality, a converse result having this effect upon the criminal defendant. See, Annotation, 18 A.L.R.2d 1297. It should be noted, however, that each of the Missouri decisions cited involved a civil proceeding brought *against* the criminal defendant to recover damages for the acts previously found unlawful. We believe that the same rule does not and should not apply where the subsequent civil action is brought *by* the criminal defendant for the purpose of profiting from his criminal conduct.

In Mineo v. Eureka Security Fire & Marine Ins. Co., 1956, 182 Pa.Super. 75, 125 A.2d 612, the Supreme Court of Pennsylvania held that it was error for the trial court to refuse to admit in evidence in a suit to recover on a fire insurance policy a judgment of conviction against the insured for arson. The court noted that:

"The tendency is to abandon any general rule of exclusion applicable to all criminal judgments, and to approach the problem from the point of view of the particular judgment of conviction * * * *", 125 A.2d at page 616,

and found that a rule permitting admission of a criminal conviction was necessary under the circumstances of the instant case as:

"This rule is founded upon the public interest which requires that the laws against crime be enforced, and that courts aid no man in any effort he may make to benefit from his own violation of them. The rule is enforced upon the ground of public policy alone and not out of consideration for the defendant to whom the advantage is incidental. * * *

"The insureds have had their day in court with the opportunity to produce their witnesses, to examine and cross examine witnesses and to appeal from the judgment and to be acquitted unless the evidence established their guilt beyond a reasonable doubt.

"To now permit them to recover for the loss which they have been convicted of fraudulently causing would be against public policy. It would tend to destroy the confidence of the public in the efficiency of the courts; it would stir up litigation that would reopen tried issues; it would impress the public with the belief that the results of trials of the gravest nature were so uncertain that the innocent could not escape condemnation; and it would convince the public that the courts themselves have no confidence in the judicial processes." 125 A.2d at pages 617–618.

Similarly, in Eagle, Star and British Dominions Ins. Co. v. Heller, 1927, 149 Va. 82, 140 S.E. 314, 57 A.L.R. 490, the

Supreme Court of Virginia recognized a distinction between civil proceedings brought against the criminal defendant and those brought by him to take advantage of his criminal act. In reference to the latter, the court stated:

"It is certainly clear in such cases that the plaintiff who is seeking redress in the civil case for the injury, not having been a party to the criminal prosecution, is not bound by its result. We confess our inability to perceive, however, why the accused person himself should not be held either as bound or affected by the result of the prosecution, if adverse to him. He has had his day in court * * *. (140 S.E. at page 316.)

\* \* \* \* \* \*

" * * * To permit a recovery under a policy of fire insurance by one who has been convicted of burning the property insured, would be to disregard the contract, be illogical, would discredit the administration of justice, defy public policy and shock the most unenlightened conscience. To sustain such a judgment would be to encourage and give support to the current thoughtless and carping criticisms of the legal procedure, and to justify the jibe that the administration of the law is (the) only remaining legalized lottery." 140 S.E. at page 323.

This distinction has been recognized in other jurisdictions. Austin v. United States, 7 Cir., 1942, 125 F.2d 816; Rosenberger v. Northwestern Mut. Life Ins. Co., D.C.Kan.1959, 176 F.Supp. 379; Sovereign Camp. W.O.W. v. Gunn, 1933, 227 Ala. 400, 150 So. 491; Fidelity-Phenix Fire Ins. Co. of New York v. Murphy, 1933, 226 Ala. 226, 146 So. 387; North River Ins. Co. of City of New York v. Miletello 1937, 100 Colo.

343, 67 P.2d 625, affirmed, 104 Colo. 28, 88 P.2d 567; Wolff v. Employers' Fire Ins. Co., 1940, 282 Ky. 824, 140 S.W.2d 640, 130 A.L.R. 682; Schindler v. Royal Ins. Co., 1932, 258 N.Y. 310, 179 N.E. 711, 80 A.L.R. 1142; contra, Smith v. Dean, 1956, 226 Ark. 438, 290 S.W.2d 439;[1] In re Johnston's Estate, 1935, 220 Iowa 328, 261 N.W. 908, affirmed on rehearing, 262 N.W. 488; True v. Citizens' Fund Mut. Fire Ins. Co., 1933, 187 Minn. 636, 246 N.W. 474;[2] Lillie v. Modern Woodmen of America, 1911, 89 Neb. 1, 130 N.W. 1004;[3] Goodwin v. Continental Cas. Co., 1935, 175 Okl. 469, 53 P.2d 241; Girard v. Vermont Mut. Fire Ins. Co., 1931, 103 Vt. 330, 154 A. 666, 670. Additionally, it has received the approval of leading treatise writers. McCormick, Law of Evidence sec. 295, p. 618–619; V Wigmore (3rd Ed.) sec. 1671(a), p. 694; A.L.I., Model Code of Evidence, Rule 521, p. 280.

■ It is a basic principle of American jurisprudence that one may not profit from his own crime. See, for example, New York Mut. Life Ins. Co. v. Armstrong, 1886, 117 U.S. 591, 600, 6 S.Ct. 877, 881, 29 L.Ed. 997, wherein the United States Supreme Court held that it was error to refuse to receive testimony that one who was the sole owner of an insurance policy at the time of the death of the insured had feloniously caused the death, stating:

"It would be a reproach to the jurisprudence of the country, if one could recover insurance money payable on the death of a party whose life he had feloniously taken. *As well might he recover insurance money upon a building that he had wilfully fired.*" (Emphasis supplied.)

The courts of Missouri have unequivocally adopted this rule. Grose v. Holland, 1948, 357 Mo. 874, 211 S.W.2d 464, 466;

---

1. Judge Holt dissented, claiming that a contrary result would embody the "fair and common sense rule". 290 S.W.2d at page 441.

2. Characterized by Wigmore as "unsound; this sort of law is a reproach to our system". IV Wigmore (3rd Ed.) sec. 134 (a), n. 1, p. 673.

3. Characterized by Wigmore as a case which "reveals an instance where some of our fundamental law is fundamental nonsense". IV Wigmore, (3rd Ed.) sec. 1346(a), n. 1, p. 673.

Hopkins v. Metropolitan Life Ins. Co., Mo.App., St. Louis, 1941, 151 S.W.2d 527, 530; Perry v. Strawbridge, 1908, 209 Mo. 621, 108 S.W. 641, 16 L.R.A.,N.S., 224. Additionally, the Missouri Court of Appeals has inferentially recognized that this policy must prevail over considerations which might otherwise make a criminal conviction inadmissible in a civil proceeding when that proceeding involves an attempt to circumvent that very policy. Thus, in Osborn v. Gibson, Mo.App., Kansas City, 1958, 309 S.W. 2d 15, the trial court's refusal to admit evidence of a criminal conviction in a civil proceedings was affirmed because the civil action involved an issue not relevant to the criminal judgment. However, the court proceeded to note that:

> "Most of the leading cases approving of the admission, in civil actions, of a previous criminal conviction as evidence of the facts upon which it was based, have involved situations where the convicted criminal has sought to take advantage of rights growing out of the criminal act. 18 A.L.R.2d 1300." 309 S.W. 2d at page 17.

That annotation states, *inter alia:*

> "The logical basis for admitting evidence of convictions seems to be the same regardless of the type of conviction or civil action involved, *although the strong public policy rule against permitting one to profit by his own wrong may furnish a more compelling reason for abandoning the previous rule.*" (Emphasis supplied.) 18 A.L.R.2d at 1289–1290.

We therefore conclude that the affirmed conviction of the insured for arson in regard to the destruction of the insured premises may be considered as bearing upon the merits of his claim against the insurance companies.

■ The next question to be determined is whether or not the fact of the insured's criminal conviction is merely additional evidence to be weighed by the finder of fact in determining the cause of the fire, in which event we would be required to remand this case to the District Court for further proceedings, or is an automatic and conclusive bar to his right to recover. Admittedly, the former effect is the one adopted by the majority of jurisdictions holding that the criminal conviction may be considered in proceedings such as this. Sovereign Camp. W. O.W. v. Gunn, supra; Fidelity-Phenix Fire Ins. Co. v. Murphy, supra; North River Ins. Co. v. Miletello, supra; Rosenberger v. Northwestern Mut. Life Ins. Co., supra; Wolff v. Employers' Fire Ins. Co., supra; Schindler v. Royal Ins. Co., supra. Nonetheless, the reasoning of Austin v. United States, supra; Mineo v. Eureka Security Fire & Marine Ins. Co., supra; and Eagle Star & British Dominions Ins. Co. v. Heller, supra, wherein the criminal conviction was held conclusive of the civil issue, is persuasive for, if public policy demands that a criminal be not allowed to profit by his crime and considering the fact that the criminal judgment was based upon a burden of proof requiring guilt beyond a reasonable doubt, there seems little justification for allowing the civil tribunal to reach a conclusion inconsistent with that policy. The facts of this case are such, however, that it is unnecessary for us to decide this issue. The opinion of the Missouri Supreme Court in State v. Ferrara, supra, reveals clearly that the evidence adduced at the criminal proceeding was fully as complete as that presented in this action. No basis for a collateral attack on the validity of that judgment appears. Thus, even accepting the majority rule that a criminal conviction is only additional evidence in a subsequent civil proceeding, we hold in this case that any conclusion of the finder of fact, having been apprised of this conviction, that this fire was not due to the act and design of the insured would be unsupported by substantial evidence and would demand reversal by us.

The judgment appealed from is reversed with directions to dismiss the suit brought by the insured against the appellants and to grant such further relief as is not inconsistent with this opinion.